## Harwitz, Appellant, *v.* Selas Corporation of America.

Argued January 10, 1962. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*H. L. Floum*, with him *H. Weiner*, and *James Francis McCort*, for appellant.

*Alan R. Howe*, with him *Edward Davis*, for appellees.

*Theodore Voorhees*, with him *George J. Miller*, and *Dechert, Price & Rhoads*, for defendant, appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 13, 1962:

Appellant, in February of 1958, was an employee of appellee, Selas Corporation of America (Selas). On February 8, 1958, he left the job before completion of his shift, complaining of a back ache. He remained absent from the job until April 16, 1958, when he reported for work and was offered a job as shop cleaner and porter. Harwitz refused this offer of employment and, on April 25, 1958, Selas notified him by letter that in accordance with the provisions of the collective bargaining agreement between it and the appellee Union his employment was terminated.

The Union filed a grievance on behalf of Harwitz, which was processed through the various steps of the grievance procedure, except that the Union did not request arbitration until about a year later.

While the foregoing procedures were being followed, Harwitz filed a claim under the Workmen's Compensation Act and eventually a stipulation was entered into between Harwitz and Selas' compensation insurance carrier awarding Harwitz compensation for twenty-five (25) weeks of total disability. The Union then asked for arbitration of the original grievance on the theory that it was being held in abeyance pending the outcome of the compensation claim. The arbitrator ruled against this contention and held that the time allowed for seeking arbitration had elapsed. Relief was therefore denied to Harwitz without reference to the merits of the controversy. Harwitz continued to press for an arbitration on the merits but Selas and the Union refused to submit the matter to arbitration.

Subsequently, Harwitz filed, in the court of common pleas, a petition for a rule to show cause why the matter should not be submitted to arbitration. The rule was granted but no answers were filed and no party took any further action in connection therewith. Instead, the Union made a demand for arbitration by

the American Arbitration Association and Selas voluntarily agreed.

Harwitz insisted that he be made a party to this arbitration and that specified issues, including the propriety of his discharge, be submitted to the arbitrator. The parties entered into a stipulation in compliance with Harwitz' demand and the matter was heard and determined by the arbitrator, who resolved all issues against Harwitz.

Harwitz then filed an appeal with the court below and Selas filed a petition for a rule to show cause why the appeal should not be dismissed. The appeal was dismissed by the court below and Harwitz' appeal to this Court followed.

There is only one question before this Court, namely, was the arbitration, from which appellant appeals, a common law arbitration or an arbitration under the Arbitration Act of April 25, 1927, P. L. 381, 5 PS §161 et seq.?

If the appeal is from a common law award, appellant, to succeed, must show by clear, precise and indubitable evidence that he was denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust, inequitable and unconscionable award, the arbitrator being the final judge of both law and fact, his award not being subject to disturbance for a mistake of either. *Newspaper Guild v. Philadelphia Daily News, Inc.*, 401 Pa. 337, 164 A. 2d 215 (1960); *Freeman v. Ajax Foundry Products, Inc.*, 20 Pa. D. & C. 2d 128, affirmed 398 Pa. 457, 159 A. 2d 708 (1960); *Capecci v. Capecci, Inc.*, 11 Pa. D. & C. 2d 459, affirmed 392 Pa. 32, 139 A. 2d 563 (1958).

A careful review of the record convinces us that the court below was correct when it concluded that "because the parties did not follow in any particular the

procedure outlined in the Arbitration Act of April 25, 1927, P. L. 381, 5 P.S. §161 et seq., and because there is no evidence to the contrary, it is manifest that the award of the arbitrators was a common law award." The fact that Harwitz titled his pleading as "Appeal Pursuant to Arbitration Act, As Set Forth in Title 50 (Sic) Purdon's Statute", cannot serve to clothe the arbitration with the provisions of the statute when its provisions were not employed at the outset.

Since we hold that the award of the arbitrator was a common law award, it follows that the court below was correct in dismissing the appeal. The grounds stated in Harwitz' appeal below and here are not such as would entitle him to review, he having failed to raise any issue of fraud, corruption or any similar irregularity or denial of a hearing.

Judgment affirmed.