Wingate Construction Company, Appellant, *v.* Schweizer Dipple, Inc.

Argued April 23, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Robert P. Garbarino,* with him *Crumlish and Kania,* for appellant.

*Goncer M. Krestal,* with him *Robert F. Longano,* and *Blank, Rudenko, Klaus & Rome,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, September 29, 1965:

The United States Navy engaged North American Aviation, Inc., to construct a thermodynamics laboratory in Columbus, Ohio. North American then contracted with Wingate Construction Company, the appellant herein, to act as a subcontractor. Wingate, in turn, contracted with Schweizer Dipple, Inc., the appellee herein, to perform a part of the subcontractor's work.

During the course of the contract between Wingate and Schweizer, certain disputes arose between them. In accordance with paragraph 20 of the contract between Wingate and Schweizer, these disputes were ultimately submitted to a board of arbitrators. After hearing the evidence on all of the issues in dispute, the arbitrators made an award of $170,253.12 in favor of Schweizer. The arbitrators also voided two checks made by Wingate to Schweizer and endorsed over to two lawyers. The checks had been held in escrow by the President of Wingate.

The appellant then filed a petition in the Court of Common Pleas No. 7 of Philadelphia County, requesting the court to vacate, modify and correct the arbitration award, because the award was not separated into the several claims. Wingate alleged that the award prejudiced it in its relation to others against whom it might have a claim. The petition also averred that voidance of the checks was improper and grounds for the vacating of the arbitration award. Schweizer filed a petition to strike the Wingate petition and the matter was heard by the court below. The lower court ruled that the award was made under common law arbitration proceedings; hence, not reviewable for errors of fact or law. However, the lower court did order the arbitrators to file an itemized award in order to permit Wingate to determine its rights with respect to claims against third parties.

The arbitrators then complied with the court's order and filed an itemized award. A few days after the itemized award was filed, Wingate filed a second petition to vacate and modify the award. In addition to the grounds previously alleged, Wingate also alleged that certain items of the award had been decided by the U.S. Navy Appeal Board and were not subject to arbitration. In considering this second petition, the court below held that the "rule of the law of the case" applied, as the issue had been determined on the prior petition. The second petition was dismissed because "the law of the case" was that the arbitration was a common law arbitration and no review of fact or law was permitted. This appeal followed.

The crucial issue raised by this appeal is whether the arbitration proceedings were conducted under common law or under the Arbitration Act. For purpose of appellate review, this distinction is vital.

This appeal is from the order discharging the rule on the second petition. In that instance, the court be-

low ruled that the "law of the case" of the first petition applied, and the initial determination on the first petition, that the arbitration was common law, was binding on the court on the second petition.

Since we have reached the conclusion that the arbitration proceedings were common law rather than statutory we need not consider the question of the law of the case. Applying the tests we set forth in *Harwitz v. Selas Corp.*, 406 Pa. 539, 178 A. 2d 617 (1962), the record of the arbitration proceedings clearly indicates that statutory arbitration was not followed. *John A. Robbins Co. v. Airportels, Inc.*, 418 Pa. 257, 210 A. 2d 896 (1965).

In order to determine whether an arbitration is one at common law or under the Arbitration Act, we examine the language in the contract and the procedure followed during the arbitration. The language of paragraph 20 of the contract calls for arbitration pursuant to the Commercial Arbitration Rules of the American Arbitration Association. The contract does not call for arbitration under the Pennsylvania Arbitration Act. However, the contract does provide that awards shall be binding. The provision making the award final is, of course, inconsistent with the Pennsylvania Arbitration Act, which permits broad, judicial review of the arbitration award, while common law arbitration is reviewable only for fraud, misconduct, or some other irregularity which caused the arbitrators to issue an unjust, inequitable, and unconscionable award. *Harwitz v. Selas Corp.*, supra.

Inasmuch as the proceedings were at common law and not under the arbitration act, the issues of law and fact are not reviewable on appeal. Hence, the order of the court below is affirmed.

Order affirmed.