P G Metals Co. *v.* Hofkin, Appellant.

Argued October 4, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*I. I. Jamison,* with him *Folz, Bard, Kamsler, Goodis & Greenfield,* for appellant.

*Abraham L. Shapiro,* with him *Norman C. Henss, H. Laddie Montague, Jr.,* and *Cohen, Shapiro, Berger and Cohen,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 22, 1966:
Prior to December 29, 1961, appellant, Hofkin, was a director and secretary of the Penn Galvanizing Com-

pany. He owned 25% of the stock of that company, the remainder being owned by or for other members of his family. On that date, all of the stock and assets of Penn Galvanizing were sold to P G Metals Company, Inc., appellee. Included in the assets transferred to P G Metals was a loan receivable from Hofkin in the amount of $19,430.38, $8,000 of which was borrowed by Hofkin in 1961 and the balance of $11,-430.38 prior to December 31, 1949.

In connection with the sale of Penn Galvanizing to P G Metals, P G Metals employed Hofkin under a contract dated December 28, 1961. The contract provided for Hofkin's employment by P G Metals for a period of 5 years for a compensation of $700 per week plus a sum equal to 4% of the annual profits of P G Metals, with a limitation that the total annual compensation, including salary and profits, should not exceed $72,000. The contract provided that P G Metals could terminate the contract only for wilful breach by Hofkin, and that "any dispute arising under this contract" would be settled by a board of arbitrators whose decision "shall be final and binding . . . without any right of appeal."

On July 6, 1962, P G Metals terminated Hofkin's employment and, in accordance with the provisions of the contract, an arbitration board was selected to hear the dispute as to P G Metals' right to discharge Hofkin. The parties agreed that the arbitration be conducted as a common law arbitration and that the findings and judgment of the arbitrators be final, and no appeal be taken therefrom, either as respects the facts or the law. Hearings were held before the arbitrators on 8 separate days, beginning on December 17, 1962, and concluding January 16, 1963. On April 8, 1963, the arbitrators filed their written unanimous report providing, inter alia: "The arbitrators . . . are unanimously of the opinion . . . that P G Metals Co., Inc. was justified in terminating Mr. Hofkin's employment

by reason of his wilful breach of the employment agreement; that Mr. Hofkin was justly discharged by P G Metals Co., Inc. from employment and *is not entitled to recover salary or compensation from P G Metals Co., Inc. under the agreement from July 6, 1962, the date of his discharge; and that Mr. Hofkin's claims against P G Metals Co., Inc. under the agreement should be and they are hereby dismissed.*" (Emphasis supplied).

Subsequently, P G Metals filed suit against Hofkin, seeking recovery of the $19,430.38 represented by the loan receivable. Hofkin filed an answer to the complaint in assumpsit wherein he raised in new matter the defense of the statute of limitations as it applied to the $11,430.38, allegedly borrowed prior to December 31, 1949. In addition, Hofkin pleaded a counterclaim seeking the recovery of $17,382.70, composed of his salary of $700 for the week ending July 6, 1962, the date of his discharge; a sum equal to 4% of the P G Metals annual profits of $414,817.63 for the period January 1, 1962 to July 6, 1962, amounting to $16,-592.70; and $90 in unreimbursed expenses.

P G Metals replied to the counterclaim to the effect that the award of the arbitrators ". . . conclusively established that defendant is not entitled under the contract to the compensation sought in this counterclaim and that said findings of the arbitrators are res judicata." By way of reply to new matter, P G Metals averred that an acknowledgment of debt had occurred within the period of the statute of limitations. P G Metals moved for judgment on that portion of its claim represented by the alleged $8,000 borrowed during 1961 and for leave to proceed to recover the balance. The court below gave judgment for P G Metals in the amount of $8,000 and granted leave to proceed to recover the balance, and also gave judgment for P G Metals on Hofkin's counterclaim.

Hofkin appealed to the Superior Court, which certified the appeal here on the basis of the amount in controversy. Hofkin, in his supplemental brief, pursues the question of appellate jurisdiction and thereby requires us to dispose of that question. We note that Hofkin's appeal is not from the $8,000 judgment entered against him, but rather from the dismissal of his counterclaim in an amount in excess of $17,000. Jurisdiction, therefore, is properly in this court, and we shall proceed to a discussion of the merits of the appeal.

We agree that an award of arbitrators in a common law arbitration is conclusive and binding and cannot be attacked unless it can be shown by clear, precise and convincing evidence that the parties were denied a hearing, or there was fraud, misconduct, corruption, or some other irregularity which caused the rendition of an unjust, inequitable or unconscionable award. *Wingate Const. v. Schweizer*, 419 Pa. 74, 213 A. 2d 275 (1965) ; *Harwitz v. Selas Corp. of America*, 406 Pa. 539, 178 A. 2d 617 (1962), and cases cited therein. The arbitrators are the final judges of both the facts and the law and their decision will not be disturbed for a mistake of either. In the instant case, both parties specifically agreed in their contract that the decision of the arbitrators was to be final and binding, and there being no indication of fraud or misconduct, the arbitration award is necessarily final. Inasmuch as the arbitrators dismissed, in all inclusive language, any and all claims of appellant under the contract, their decision is clearly conclusive as to the counterclaim. Appellant cannot be permitted to do by indirection—by the vehicle of a counterclaim to appellee's suit—that which he could not do directly, namely, challenge the decision of the arbitrators without a showing that he was denied a hearing, or there was fraud, misconduct, corruption or some other irregu-

larity which caused the rendition of an unjust, inequitable or unconscionable award.

Judgment affirmed.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent. In order to preclude appellant's counterclaim, appellee relies upon the decision of the arbitration panel. However, while that decision is explicit in denying appellant's right "to recover salary or compensation . . . from July 6, 1962," it is ambiguous on the matter embodied in his present counterclaim: the salary and compensation alleged to have become due prior to July 6, 1962, the date of the termination of his employment.

I see no justification for barring the present counterclaim merely on the basis of an assumption that the issue has been adversely determined by the arbitrators. I would require more explicit and unambiguous language in the arbitrators' decision before I would hold that the present claim has been precluded.

However, since the contract between the parties provides for binding arbitration of all claims arising thereunder, I would reverse and remand with directions to stay the instant proceedings until the issues embodied in the counterclaim had been presented and unequivocally decided by arbitration. The result of such decision would fairly and effectively dispose of the matter.