**Silk v. United National Insurance Company**

*Morris S. Finkel,* for plaintiff.
*Joseph Lurie,* for defendant.

SLOANE, J., October 9, 1969.—This is an arbitration matter which comes to me on plaintiff's (Silk) petition to confirm the arbitration award and defendant's (insurance company's) petition to modify, correct or set aside the award. Defendant also filed preliminary objections to plaintiff's petition.

Plaintiff was insured by defendant against injury by a "hit and run" driver. Condition 8[1] of the policy provided for arbitration in the event of a dispute between the parties.

Plaintiff was involved in an accident; he claimed he was hit by a "hit and run driver." Defendant contested the claim and the matter was tried before an arbitrator appointed under the rules of the American Arbitration Association.

---

[1] Arbitration: If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter ·or matters upon which such person and the company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by an award made by the arbitrators pursuant to this endorsement.

The issue before the arbitrator was the cause of the accident. Plaintiff was driving his car in a westerly direction on Montgomery Avenue in Philadelphia at 1:30 a.m. on October 17, 1966. According to plaintiff, an unidentified "phantom" vehicle approached him from the opposite direction. The "phantom" car came onto plaintiff's side of the road; plaintiff swerved to the left to avoid him. The "phantom" car hit the right side of plaintiff's car and caused him to crash into a wall on the premises of 840 Montgomery Avenue. Plaintiff suffered severe personal injuries.

Defendant claims that the testimony of the investigating police officer shows that the dent in the right side of plaintiff's car was caused by a sign which plaintiff's car hit. Defendant also claims that plaintiff's testimony was not credible because the "phantom" car was allegedly travelling 60 miles per hour when it struck him; because no debris was found on the highway and because the photograph of the car admitted into evidence did not show a violent impact.

The arbitrator found in favor of plaintiff and awarded him $4,500. Defendant now asks us to upset the arbitrator's decision while plaintiff asks for confirmation of the award.

There are two forms of arbitration in Pennsylvania: common law and statutory under the Arbitration Act of April 25, 1927, P. L. 381; 5 PS §161, et seq. If the agreement does not expressly or impliedly provide for arbitration under the act then the rules governing review of the arbitrator's decision are the common law rules: Keller v. Local 249 of International Brotherhood of Teamsters, 423 Pa. 353; John A. Robbins Co. Inc. v. Airportels, Inc., 418 Pa. 257; Johnson v. Harleysville Mutual Casualty Company, 212 Pa. Superior Ct. 89; cert. den. 393 U.S. 1087.

Since condition 8 does not specify statutory arbitration this is a case of common law arbitration. This very clause in an automobile insurance policy was held to require common law review of the arbitrator's decision: Johnson v. Harleysville Mutual Casualty Co., supra.

"If the appeal is from a common law award, appellant, to succeed, must show by clear, precise, and indubitable evidence that he was denied a hearing, or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the arbitrator which caused him to render an unjust, inequitable and unconscionable award, the arbitrator being the final judge of both law and fact, his award not being subject to disturbance for a mistake of either": Harwitz v. Selas Corporation of America, 406 Pa. 539, 542.

Defendant's petition asks for a review of the record. Although the language of the petition is that of Harwitz, supra, defendant really objects to the weight given to plaintiff's testimony by the arbitrator. Defendant does not claim that there was anything fraudulent or unfair about the proceeding before the arbitrator. Defendant asks for a reversal of the arbitrator's findings of fact and this I cannot do: Harwitz v. Selas Corporation of America, supra. Were this case before me de novo, I might decide it differently but this is an appeal from common law arbitration and absent a showing of fraud or misconduct, I am powerless to upset the arbitrator's ruling. Accordingly, defendant's petition is denied.

Plaintiff's petition to confirm the arbitration award follows the proper procedure: Bartilucci v. Safeguard Mutual Insurance Company, 212 Pa. Superior Ct., 414. Plaintiff's petition is granted.