Smith *v.* Employers' Liability Assurance Corporation, Ltd., Appellant.

Argued April 14, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Kenneth S. Robb,* with him *Donald W. Bebenek,* and *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellant.

*Mark B. Aronson,* with him *Kenneth W. Behrend,* and *Behrend & Aronson,* for appellees.

OPINION BY HOFFMAN, J., June 12, 1970:

This is an appeal from an order of the Court of Common Pleas of Allegheny County setting aside an arbitration award arising out of the uninsured motorist provisions of an automobile liability policy.

Appellees, Catherine and William Smith, were involved in an automobile accident. At the time of this accident appellees had an automobile insurance policy with appellant, Employers' Liability Assurance Corporation, Ltd., which contained the standard uninsured motorist clause.

Subsequently, appellees filed a request for arbitration of their claim with the American Arbitration Association, in accordance with the provisions of the policy. The basis for their request was that the driver of the other vehicle involved in the accident was a "hit and run" motorist. A "hit and run automobile" is defined, in pertinent part as one involved in an accident where "there cannot be ascertained the identity of either the operator or owner of such hit-and-run automobile."

At the arbitration hearing, Catherine Smith testified that the vehicle involved in the collision with the car in which she and her husband were riding was a truck which bore the name "Mushroom Transportation Company of Philadelphia." Based on this testimony, the arbitrator concluded that it was sufficiently established that the truck involved was actually owned and/or operated by Mushroom Transportation Co., Inc. a corporation based in the City of Philadelphia.

An appeal was taken to the lower court alleging that an arbitrator's finding that the identity of the "hit-and-run" vehicle was ascertained was "unjust, inequitable and unconscionable" and constituted "the denial of a hearing." The lower court agreed with this contention, set aside the order of the arbitrator and remanded the case to arbitration.

We believe that the court's action in this regard was in error and should be reversed.

Both our court and the Supreme Court have, on numerous occasions, stated that all disputes as to coverage under the uninsured motorist provisions of a policy must be settled by the arbitrator. *Great American Insurance Co. v. American Arbitration Association,* 436 Pa. 370, 260 A. 2d 769 (1970) ; *Pennsylvania General Insurance Co. v. Barr,* 435 Pa. 456, 257 A. 2d 550 (1969) ; *Allstate Insurance Company v. Taylor,* 434 Pa. 21, 252 A. 2d 618 (1969) ; *Merchants Mutual Insurance Company v. American Arbitration Association,* 433 Pa. 250, 248 A. 2d 842 (1969) ; *Harleysville Mutual Insurance Company v. Medycki,* 431 Pa. 67, 244 A. 2d 655 (1968) ; *National Grange Mutual Insurance Company v. Kuhn,* 428 Pa. 179, 236 A. 2d 758 (1968). Our appellate court has consistently held that issues of fact and law are not reviewable on appeal from a common-law arbitration, and that the arbitrator's award will not be reviewed or set aside for mistake of either. The decision of the arbitrator in a common-law arbitration

is binding and cannot be attacked unless it can be shown by clear, precise and indubitable evidence that a party was denied a hearing, or that there was fraud, misconduct, corruption or other irregularity which caused the rendition of an unjust, inequitable or unconscionable award. *Midvale Florists v. Keane,* 213 Pa. Superior Ct. 322, 247 A. 2d 799 (1968); *P G Metals Company v. Hofkin,* 420 Pa. 620, 218 A. 2d 238 (1966); *Wingate Construction Company v. Schweizer Dipple, Inc.,* 419 Pa. 74, 213 A. 2d 275 (1965); *Harwitz v. Selas Corporation of America,* 406 Pa. 539, 178 A. 2d 617 (1962); *Freeman v. Ajax Foundry, Inc.,* 398 Pa. 457, 159 A. 2d 708 (1960); *Capecci v. Capecci, Inc.,* 392 Pa. 32, 139 A. 2d 563 (1958); *Reading Tube Corporation v. Steel Workers Federation,* 173 Pa. Superior Ct. 274, 98 A. 2d 472 (1953); *Goldstein v. International Ladies Garment Workers' Union,* 328 Pa. 385, 196 Atl. 43 (1938).

We cannot find such irregularity or denial of a hearing in this proceeding. Here, it was appellee herself who stated that she was struck by a Mushroom Transportation Company of Philadelphia truck. It is not denied that there is a Mushroom Transportation Company, Inc. in Philadelphia, and, indeed, the lower court points out that appellees have filed a personal injury suit against that company. The arbitrator made a determination as to the identity of the vehicle based on appellee's testimony. Whether such evidence would have satisfied a jury, or whether this conclusion constituted a mistake in law or fact, however, as noted above, does not establish grounds for an appeal from his award. We are bound, as are the parties, by his determination and are without power to reverse it.

The order of the lower court is reversed and the award of the arbitrator reinstated.