### Fischer v. Borsher

*Detlaff A. Hansen*, for plaintiff.

*John J. Pentz, Jr.*, for defendants.

WILLIAMS, P. J., December 8, 1972.—Plaintiff filed a complaint in assumpsit against defendants on May 21, 1968, to February term, 1968, no. 497, in which he sought to recover $10,590.59, with interest from May 10, 1968, which he claimed was due him for work performed and materials furnished in constructing a home for defendants. This suit was not pursued to a conclusion and the claim was submitted to arbitration as required by section 15 of a written contract entered into by the parties.

Defendants filed a document with the arbitrators which treated the complaint in assumpsit as constituting the claim of plaintiff in the arbitration proceeding. This document set up a counterclaim which alleged that defendants claimed from plaintiff $9,400 for delay in completion of the work and an aggregate of $4,100 for defective work in respect to a well, pump and flooring.

The arbitrators filed the following report and award:

"AND NOW, the 20th day of May, 1969, we the undersigned arbitrators chosen in the above case, after having been duly sworn, and having heard the evidence and allegations of the parties, do award and

find for the Plaintiff, John E. Fischer in the sum of $9,140.59.

"Hearing held May 19, 1969

"Substitution of Arbitrators as follows:    None

/S/    John H. Kerrick, Arbitrator

/S/    Paul L. Edinger, Arbitrator
and Umpire"

Paragraph 3 of the construction contract provides that no alterations or deviations shall be made in the performance of the work except upon written order of the owners. The contract requires that if any alterations or deviations do occur the parties shall agree on the amount which would either be added to or subtracted from the contract price. The contract then provides:

"In the event of a disagreement between the Owner and the Contractor as to either of the said two amounts last mentioned, the Contractor shall proceed to perform the work pursuant to said order, and the determination of the amount either to be added to or subtracted from the contract price hereinafter mentioned, *shall be submitted to arbitration as provided for in this contract, and the parties hereto agree to abide by the result of such arbitration.*" (Italics supplied.)

Paragraph 4 of the contract provides for extra work or materials. These items are to be furnished or performed on written order of the owners. The contract states further:

"In the event that the Owner and Contractor fail to agree upon said amounts, the Contractor shall proceed and perform the said extra work and furnish such other materials last mentioned; and the amount to be paid thereon to the Contractor *shall be determined*

*by arbitration, as provided in this agreement."* (Italics supplied.)

Paragraph 3 further provides that when any material is furnished or work done not shown on the drawings and specifications but upon written order of the owners, the furnishing of such materials and the performance of said work *"shall be deemed to be done under and in performance of the terms of this contract,"* and the provisions of the agreement requiring certificates and final payment therefor shall apply.

Section 15 of the contract provides that:

"All questions that may arise under this Contract and in the performance of the work thereunder, shall be submitted to arbitration at the choice of either of the parties hereto."

This section of the contract also provides:

"The decision of any two shall be binding on all the parties to the dispute. . . . The award of the Arbitrators must be in writing, and if in writing, shall not be subject to objection, on account of the procedure or form of the award."

Defendants did not pay the amount of the award to plaintiff, who filed a complaint in assumpsit on the award to which defendants have filed an answer.

We have before us for determination a petition of defendants to vacate the arbitrators' award and a petition of the plaintiff for judgment on the pleadings. Rules to show cause issued on both petitions.

The parties stipulated that in disposing of the petitions that the court treat as true the factual averments alleged in defendants' petition to vacate the arbitrators' award. These averments are that plaintiff failed to produce proof of the cost of the kitchen cabinetry in excess of the specifications; that the arbitrators failed to dispose of defendants' counterclaim; that there was no proof that the extras claimed

by plaintiff were requested in writing; that there was no proof of the reasonableness of plaintiff's charges except an itemization of work and labor in the form of plaintiff's exhibit to his complaint; that the arbitrators exceeded their authority in considering extras for which there was no written order; that any oral requests were independent of the contract and would require a separate action.

We must first determine the scope of judicial review as to the issues raised by the pleadings. If the arbitration is under the Act of April 25, 1927, P. L. 381, 5 PS §173, the scope of judicial review of the arbitration proceedings is broad. If the arbitration is under the rules of common-law arbitration, the scope of judicial review is limited to whether there is an allegation and proof that the award was the result of fraud or corruption or such irregularity which caused the arbitrators to render an unjust, unequitable and unconscionable award or that a hearing had been denied: Keller v. Local 249 of International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, 423 Pa. 353 (1966).

The construction contract makes no reference to the Act of April 25, 1927. It further provides that the decision of any two arbitrators is binding on the parties. It further provides that the award must be in writing and shall not be subject to objection on account of the procedure or the form of the award. It does not provide for an appeal from the award. Under such circumstances, the arbitration proceeding was common-law arbitration and not under the Act of 1927. Our power to review is, therefore, limited. See Nationwide Mutual Insurance Company v. Barbera, 443 Pa. 93 (1971), where Mr. Justice Eagen said:

"Moreover, since admittedly the arbitration proceedings involved were at common law, the Arbitrator was

the final judge of both law and fact, and his award will not be set aside, unless it is alleged and proven by clear, precise and convincing evidence that the parties were denied a hearing or that there was fraud, misconduct, corruption or some other irregularity of this nature on the part of the Arbitrator which caused him to render an unjust, inequitable or unconscionable finding."

There are no allegations of fraud, corruption or any irregularity of that nature. Rather the objections relate to: (a) the rulings made by the arbitrators at the hearing on evidentiary questions; (b) the assumption of jurisdiction over certain extras claimed by plaintiff; (c) the failure to dispose of defendants' counterclaim; (d) the refusal of the arbitrators to grant defendants a continuance to permit them to obtain costs on the kitchen cabinetry in excess of the amount stated in the specifications.

We question the right of defendants to raise any of these objections except the failure to dispose of the counterclaim since husband-defendant, a lawyer, prepared the contract which contains this language:

"The award of the Arbitrators must be in writing, and if in writing, shall not be subject to objection, *on account of the procedure, or form of the award.*" (Italics supplied.)

We except the failure to dispose of the counterclaim from this language because such a failure might be tantamount to the denial of a hearing.

Nevertheless, we will deal and dispose of defendants' objections as if said language was absent from the contract.

Defendants argue that the arbitrators exceeded their jursidiction in considering and passing upon certain extras which plaintiff claims he performed at the request of defendants. The law is clear that in common-law arbitration the court will not consider such an objec-

tion as within the scope of judicial review. See Freeman v. Ajax Foundry Products, Inc., 20 D. & C. 2d 128, affirmed per curiam, 398 Pa. 457 (1960). There, plaintiff sought modification of an award, alleging that the arbitrators exceeded the powers given them by the arbitration agreement. Judge Griffiths dismissed the objection by saying, "Even if this were true, Freeman cannot prevail for it would constitute no more than an error of fact or law, and consequently is not applicable."

Moreover, by the express terms of sections 3 and 15 of the contract, it is apparent that the parties intended that all questions under the contract, including alterations and deviations therefrom, be determined by arbitration. It is true that the contract required such alterations or deviations to be supported by a written order. However, this requirement of a writing does not prevent the extras from being proven by parol evidence if, subsequent to the date of the agreement, it was modified by an oral agreement: Kersey Manufacturing Co. v. Rozic, 207 Pa. Superior Ct. 182 (1965). Reversed but on a different point, 422 Pa. 564 (1966).

It is the position of defendants that any subsequent oral agreement was an independent contract and had to be sued upon separately. However, a reading of the entire contract shows an intent on the part of the parties that all questions arising under the contract were to be decided by arbitration.

Neither the minority report nor the petition to strike the award asserts there were no oral agreements or that no evidence of an oral modification of the contract was presented at the hearing before the arbitrators. All that is asserted is that there was no *written* modificiation. We cannot presume there was no parol evidence authorizing extras. Neither can we presume such oral agreements occurred after completion of the

work and if made, were independent contracts not under the agreement. We see no departure by the arbitrators from the contract terms in considering the claims for extras. See Reading Tube Corporation v. Steel Workers Federation and Reading Tube Local, 173 Pa. Superior Ct. 274 (1953).

Defendants assert that the arbitrators' award should be set aside because they failed to require proof on the part of plaintiff as to the reasonableness of his charges for extras and for the cost of kitchen cabinetry beyond the price of $620 stated in the contract specifications. There was before the arbitrators an exhibit which showed the hours of labor required, the prices charged and the days worked as well as the names of the workers. Here, again, any error on the part of the arbitrators in considering this exhibit was an error of law as to the proper proof required to prove the cost of these extras. Such an error may not be the basis for setting aside the award. What defendants are saying is that the arbitrators committed a mistake or a number of mistakes of law. This is not sufficient to set aside an award in a common-law arbitration. See Great American Insurance Company v. American Arbitration Association, 436 Pa. 370, 372, 373 (1970), where the Supreme Court stated:

"Appellant argues only that misconduct existed here. However, the only asserted misconduct is the alleged failure of the arbitrator properly to apply the law with regard to uninsured motorist coverage. We have often stated that in common law arbitration such as this 'the arbitrators are the final judges of both the facts and the law and their decision will not be disturbed for a mistake of either.' P. G. Metals Co. v. Hofkin, 420 Pa. 620, 218 A. 2d 238 (1966). See also Wingate Const. Co. v. Schweizer Dipple, Inc., 419 Pa. 74, 213 A. 2d 275 (1965); Harwitz v. Selas Corp. of America,

406 Pa. 539, 178 A. 2d 617 (1962). The misconduct necessary to overturn an arbitrator's action is not a mere mistake of law, nor even several mistakes aggregated. As stated in Westinghouse Air Brake Co. Appeal, 166 Pa. Superior Ct. 91, 97, 70 A. 2d 681 (1950): '[A] contrary holding would mean that arbitration proceedings, instead of being a quick and easy mode of obtaining justice, would be merely an unnecessary step in the course of litigation, causing delay and expense, but settling nothing finally.' The court below was thus perfectly justified in dismissing the rule because of the absence of any showing of misconduct."

Defendants complain that the arbitrators refused a postponement of the hearing to permit them to obtain additional time to ascertain the actual cost of the kitchen cabinetry above the contract allowance. The amount of the allowance in the contract is $620. Exhibit C of plaintiff's complaint shows a charge of $1,334.18 for appliances and cabinets. What was allowed by the arbitrators does not appear in the record. The total amount claimed by plaintiff was $10,509.59. The award was for $9,140.59, or $1,369 less than claimed by plaintiff.

The application for a postponement was addressed to the discretion of the arbitrators and their refusal to allow the postponement will not be reversed unless it constituted an abuse of discretion: Lighting Unlimited, Inc. v. Unger Construction Company, 217 Pa. Superior Ct. 252 (1970). It should be noted that the postponement was requested for a limited purpose— to obtain information as to actual costs of the kitchen cabinetry above the allowed price in the contract. It appears that defendants knew of the claim of plaintiff in this regard from the date of the service of a complaint upon them from exhibit C attached to the complaint. Service was effected on May 23, 1968. The

arbitrators' hearing was held nearly a year later, on May 19, 1969. Defendants;had ample time and opportunity to acquire this information, prior to the arbitrators' hearing. To strike the entire award because of the refusal of the arbitrators to grant a postponement as to a relatively small portion of the award would, under the circumstances, be harsh. This is particularly true when the petition to strike filed more than two years after the date of the award fails to aver that the charge made by the plaintiff was excessive and fails to state the amount which defendants claim represents the actual cost of the kitchen cabinetry.

Defendants contend that the arbitrators failed to dispose of their counterclaim. The award expressly states "having heard the evidence and allegations of the parties, do award and find for the Plaintiff, John E. Fischer in the sum of $9,140.59." This language indicates that the arbitrators did, in fact, consider the counterclaim of defendants. The award does not state so specifically. Again, we are confronted with the fact that the contract provides that no objection may be made on account of the form of the award. On the other hand, if the arbitrators failed to pass upon the counterclaim, this would be a denial of defendants' right to a hearing in respect to the counterclaim. Since the award is silent as to the counterclaim in order to avoid any possible injustice to defendants, sua sponte, we will resubmit the award to the arbitrators for clarification as to whether the counterclaim was considered and, if so, what disposition was made of it.

We do this on authority of the case of La Vale Plaza, Inc. v. R. S. Noonan, Inc., 378 F. 2d 569 (1967). In this case, the United States Court of Appeals for the Third Circuit affirmed an order by the United States District Court for the Middle District which had

ordered, sua sponte, that an arbitrators' award be resubmitted to the arbitrators for clarification of its meaning. The resubmitted award contained an apparent ambiguity as to whether payment by one of the parties was considered in making the award.

As regards plaintiff's motion for judgment on the pleadings, we will withhold ruling upon it until we have received from the arbitrators clarification as to whether they considered defendants' counterclaim and, if so, what disposition was made of it.

## ORDER

And now, December 8, 1972, it is ordered that the award of the arbitrators be resubmitted to them for clarification of their award in two respects: (1) Did they, in making their award, consider defendants' counterclaim? (2) if they, in fact, did consider said counterclaim, what disposition was made of it?

All proceedings to stay until further order of the court.