## DeMarco v. Harleysville Mutual Insurance Co.

*William R. Solvibile,* for plaintiff.
*Gary A. Hurwitz,* for defendant.

DIGGINS, SR. *J.,* March 14, 1983—The matter now before this court is a motion to reconsider a previous decision confirming an arbitration award made in favor of respondent, Mary Lou DeMarco Seals.

The facts of the case are not in dispute. Respondent was injured in an accident which was caused by an uninsured motorist. At the time of the occurrence, respondent was a resident in her brother's home and sought to recover under the uninsured motorist coverage portion of his insurance policy.

The case was submitted to an arbitration panel that awarded respondent $30,000. Petitioner insurance company unsuccessfully appealed the award to this court. Petitioner asserted that because the arbitration was statutory, the award should be overturned on the ground that exclusionary language in the policy operated to deny recovery in the instant circumstance. This court found that the arbitration was not statutory but common law and therefore the scope of review was limited. Only findings of denial of a hearing or fraud on the part of the arbitration panel will provide a basis for invalidating a common law arbitration award. Harwitz v. Selas Corporation of America, 406 Pa. 539, 178 A.2d 617 (1962). As neither justification appeared in the case at bar, this

court was powerless to overturn the award given by the arbitrators.

The issue presented by petitioner's motion to reconsider concerns the classification of the arbitration. Did the policy endorsement operate to bring the arbitration under the Act of 1927? If the answer to the foregoing question is yes, then consider if the exclusionary language contained in the policy is enforceable so that the arbitration award may be overturned by reason of mistake.

The validity of the insurance policy is not in question. This point distinguishes the case at bar from Pennsburg Manufacturing Company v. Pennsylvania Fire Insurance Company, 16 Pa. Super. 91 (1901). In Pennsburg supra, no policy was in effect at the time of the fire because the parties had not yet agreed to the terms of the contract. Petitioner cited this case to illustrate that delivery of an insurance policy to the insured is not a prerequisite to its validity.

In the instant case, the dispute involves the arbitration clause of an enforceable policy. As it was originally issued, the policy contained a provision that arbitration would be used to settle disagreements between the insured and the company. Because no language specified that the Arbitration Act of 1927 was controlling authority, the arbitration proceedings were at common law. The Supreme Court of Pennsylvania stated that the act is inapplicable unless it is expressly or impliedly provided for by the parties *and* its procedures are followed. Harwitz, supra, at 619. (Emphasis supplied).

Subsequent to its issuance to Respondent's Brother, the policy was amended by an endorsement that provided for the Act of 1927 to control any arbitration arising under the policy. This endorsement changed the policy. Petitioner supplied no

proof that an explanation of the change had been communicated to the insured or that the policy holder had ever received notice of the change. In Keystone Insurance Company v. Moody, 75 D.&C. 251 (1975), the Court of Common Pleas of Philadelphia County held that the absence of proper explanation of a change in the policy's arbitration provision operated to preclude the change from being effective. In Keystone, supra, the dispute was settled under guidelines provided by the policy's original arbitration clause.

Even assuming the endorsement was valid, the arbitration in the case at bar was not statutory. The procedures of the arbitration Act of 1927, were not followed by either party. Section 163 of the Act requires that one seeking to enforce an arbitration agreement should procure an order from the court of common pleas to show cause why the arbitration should not proceed as agreed upon. Respondent instead filed a petition to have an arbitrator appointed for petitioner. Petitioner did not respond in a manner that would indicate its recognition of the Act of 1927's authority. Neither party's conduct was correct under the Act. It has been held that this failure to comply with the procedural requirements of the Act results in Common Law Arbitration. Binkell Construction Corporation v. Host Farm, 61 Lanc. Rev. 291 (1968).

Regardless of the effectiveness of the endorsement, the arbitration was at common law. Therefore, for the foregoing reasons, we enter the following

## ORDER

And now, this March 14, 1983, after reviewing Briefs of respective counsel, the following is ordered and decreed:

1. The order of the Court of Common Pleas of Delaware County affirming the arbitration award to respondent is hereby affirmed.

2. Petitioner's motion to reconsider is hereby denied.