626 A.2d 675

**HAZLETON AREA SCHOOL DISTRICT, Appellant,**

v.

**Howard O. KRASNOFF, A.I.A.**

Commonwealth Court of Pennsylvania.

Argued Nov. 20, 1992.

Decided May 6, 1993.

Reargument Denied July 13, 1993.

David L. Grove, for appellant.

Lloyd George Parry, for appellee.

Before DOYLE and SMITH, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Appellant Hazleton Area School District (District) appeals from an order of the Court of Common Pleas of Philadelphia County which confirmed an arbitration award in favor of appellee Howard O. Krasnoff.

The relevant facts are as follows. In 1986, Krasnoff, an architect appointed by the school board, and the District entered into two separate contracts (the 1986 Contracts) by which Krasnoff agreed to provide architectural services in connection with various school construction projects. The School District's attorney prepared the 1986 Contracts which provided for arbitration and specifically stated, in part: "[t]he decision and award of any two of the three arbitrators shall be final, binding, and conclusive upon the parties hereto." In 1987, a new school board terminated Krasnoff without fully compensating him for his services. Pursuant to the 1986 Contracts, Krasnoff elected arbitration and after eleven days of hearings, was awarded $612,172.

On October 15, 1991, the District filed a petition in the court of common pleas to vacate the arbitration award claiming that the award was not "final, binding and conclusive" on the District, but rather, the award should be subject to judicial review for errors of law pursuant to the provisions of the Uniform Arbitration Act.[1] The court of common pleas denied this petition and on January 29, 1992, pursuant to a petition to confirm the award filed by Krasnoff, ordered that judgment be entered in favor of Krasnoff.[2] The District did not appeal

1. *See infra.*

2. In the discussion portion of its opinion, the court of common pleas stated that:

> The Pennsylvania Supreme Court held where the language of a contract is clear, the court must give effect to that language. *Pennsylvania Manufacturers Assn. Ins. Co. v. Aetna Casualty & Surety Ins. Co.*, 426 Pa. 453, 233 A.2d 548 (1967). In this case, the contract specifically states, "The decision and award of any two of the three arbitrators shall be final, binding, and conclusive upon the parties hereto."

The court then concluded simply, "in accordance with the terms of the contract," to confirm the award, without any discussion of the merits. Court of Common Pleas Opinion at 2.

the order of the court of common pleas denying its petition to vacate the award; instead, the District appealed only the order granting Krasnoff's petition to confirm the award.

On appeal, the District argues that the 1986 Contracts between the parties called for statutory arbitration under which the court of common pleas should have applied the judgment N.O.V. standard of review set out in 42 Pa.C.S. § 7302(d)(2) and not the judicial review reserved for awards under common law arbitration. After reviewing the record, the lower court's order and opinion, and the briefs or the parties, we agree with the position taken by the District.[3]

A review of the language of the arbitration clause contained in the 1986 Contracts reveals that statutory arbitration should have been applied. The Contracts provide:

ARTICLE 9: ARBITRATION

9.1: Should any dispute concerning the subject matter of this agreement arise between School District and Architect and such dispute cannot otherwise be settled, then said dispute shall be arbitrated in the following manner: School District shall select one arbitrator. The two arbitrators so selected shall select a third arbitrator.[4] The decision and award of any two of the three arbitrators shall be final, binding, and conclusive upon the parties hereto.... *All questions of arbitration procedure not covered by the provisions of this agreement shall be governed by the Act of Assembly dated April 25, 1927, ... as amended.*

3. Appellant makes several other allegations of error that focus on the merits of the case. Because we remand to the court of common pleas for a determination of the merits using the judgment N.O.V. standard of review as found at 42 Pa.C.S. § 7302(d)(2), we need not address these issues.

4. Although not explicit from Article 9, both parties agree that, in addition to the District selecting one arbitrator, one arbitrator would be selected by Krasnoff.

9.2: The award rendered by the arbitrators shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

(R.R. at 75a) (emphasis added).

The exact terms of this provision could not be followed, however, because Pennsylvania repealed "the Act of Assembly dated April 25, 1927" (the Arbitration Act of 1927), when it adopted the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, effective December 5, 1980, and replaced it with the Uniform Arbitration Act of 1980 (UAA–80). In the JARA Continuation Act of 1980, Pennsylvania gave statutory recognition to all three types of arbitration: statutory, common law, and judicial arbitration. *See generally* 42 Pa.C.S. §§ 7301–7362. Chapter 73 of the Judicial Code now contains three subchapters: Subchapter A—Statutory Arbitration; Subchapter B—Common Law Arbitration (which consists of only one section, 42 Pa.C.S. § 7341); and Subchapter C—Judicial Arbitration (arbitration before a panel of three attorneys appointed by the Court where the amount in controversy is relatively small which is not applicable to this case).

Pertinently, the Historical Note to the 1980 Act instructs:

(b) The provisions of 42 Pa.C.S. § 7302(d)(2) (relating to [the standard of judicial review under the UAA–80]) shall be applicable to any nonjudicial arbitration pursuant to:

. . . .

(2) *an agreement heretofore or hereafter made which expressly provides for arbitration pursuant to the former provisions of the Act of April 25, 1927 (P.L. 381, No. 248), relating to statutory arbitration.*[5] (Emphasis added.)

Here, the District and Krasnoff entered into the contracts in 1986, the breach of contract occurred in 1987, and arbitration hearings were held in 1990. The matter was concluded by an award on July 31, 1991. Because this dispute arose after the

5. Section 501(b) of the JARA Continuation Act of 1980, Oct. 5, 1980), P.L. 693, No. 142 (codified as the Historical Note to 42 Pa.C.S. § 7302(d)(2)).

Act of 1927 was repealed, we find, therefore, that UAA–80 was in effect and governs the parties' arbitration.

The standard of review in the instant case under UAA–80 is as follows:

§ 7302. Scope of subchapter

(a) General rule.—An agreement to arbitrate a controversy on a nonjudicial basis shall be conclusively presumed to be an agreement to arbitrate pursuant to Subchapter B (relating to common law arbitration) unless the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to this subchapter or any other similar statute, in which case the arbitration shall be governed by this subchapter.

. . . .

(d) Special application.—

(1) Paragraph (2) shall be applicable where:

. . . .

(iii) Any person has been required by law to submit or to agree to submit a controversy to arbitration pursuant to this subchapter.

(2) Where this paragraph is applicable a court in reviewing an arbitration award pursuant to this subchapter shall, notwithstanding any other provision of this subchapter, modify or correct the award where the award is contrary to law and is such that had it been a verdict of a jury the court would have entered a different judgment or a judgment notwithstanding the verdict.

■■■■ It is obvious from reading the trial court's opinion in this case that the court applied the standard of review applied in common law arbitration awards and not the judgment N.O.V. standard applied in statutory arbitration. Under common law arbitration, our standard of review is clearly very limited. Common law arbitration is judicially reviewable only for fraud, misconduct, or some type of irregularity which caused the arbitrators to issue an unjust, inequitable, and unconscionable award. *See Wingate Construction Co. v.*

*Schweizer Dipple, Inc.,* 419 Pa. 74, 213 A.2d 275 (1965).[6] In common law arbitration, the arbitrator is the final judge of both law and fact, *Elkins & Co. v. Suplee,* 371 Pa.Superior Ct. 570, 538 A.2d 883 (1988), and the award is not subject to judicial review for either. *Pennsylvania Social Services Union v. Department of Labor and Industry, Bureau of Workers' Compensation,* 105 Pa.Commonwealth Ct. 264, 524 A.2d 1005 (1987).

The arbitration clause at issue in the 1986 Contracts specifically provides that "[a]ll questions of arbitration procedure not covered by the provisions of this agreement shall be governed by the Act of Assembly dated April 25, 1927, . . . as amended." In addition to the authoritative basis contained in the Historical Note following Section 7302, the courts of this Commonwealth have consistently held that when a contract contains language which references the Act of 1927, it constitutes an express provision for statutory arbitration. *See Geisler v. Motorists Mutual Insurance Co.,* 382 Pa.Superior Ct. 622, 556 A.2d 391 (1989); *Meerzon v. Erie Insurance Co.,* 380 Pa.Superior Ct. 386, 551 A.2d 1106 (1988). Based upon the above discussion, we conclude that the 1986 contracts between the District and Krasnoff fall under the standard of judicial review set forth in 42 Pa.C.S. § 7302(d)(2), permitting reversal for errors of law, rather than under the narrower standards for reviewing common law arbitration, which does not.

Accordingly, we vacate the order of the court of common pleas and remand for a determination on the merits of this case using the judgment N.O.V. standard of review as found at 42 Pa.C.S. § 7302(d)(2).

NARICK, J., dissents.

**6.** Section 7341, 42 Pa.C.S. § 7341 (common law arbitration), provides:
  The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

## ORDER

NOW, May 6, 1993, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hereby vacated and this case is remanded to the trial court for a determination on the merits using the judgment N.O.V. standard of review as found at 42 Pa.C.S. § 7302(d)(2).

Jurisdiction relinquished.