Keller, Appellant, *v.* Local 249 of International
Brotherhood of Teamsters, Chauffeurs,
Warehousemen and Helpers of
America.

Argued October 5, 1966. Before BELL, C.J., MUS-
MANNO, COHEN, EAGEN and ROBERTS, JJ.

*Ira C. Houck, Jr.*, with him *Alexander J. Pentecost*, for appellants.

*Ben Paul Jubelirer*, for appellees.

OPINION BY MR. JUSTICE COHEN, November 15, 1966:

This is an appeal from the order of the court below sustaining appellees' preliminary objections to appellants' petition to vacate and set aside an arbitration award. This matter arises out of a collective bargaining agreement between Western Pennsylvania Motor Carriers Association, which was the bargaining agent for Jones Motor Company and Red Star Transit Company and Local 249 of the Teamsters Union, which represented the driver employees of both Jones and Red Star. The agreement provided that in the event of the merger of two carriers, or of two terminals, the necessary employees of both would be dovetailed into a combined seniority list. Jones acquired all of the assets of Red Star and moved its operations to the Red Star terminal. The Jones drivers were placed ahead of the Red Star drivers on the new seniority list. Grievance procedures were begun on the issue of whether the combined operations were the result of a merger or purchase. When a deadlock resulted, the matter was submitted to an arbitrator who found that the transaction was a merger and directed that the seniority lists be dovetailed in accordance with the labor contract. Thereafter, the aggrieved employees of Jones filed the petition to vacate and set aside the award.

The petition declares that it is made pursuant to §13 of the Pennsylvania Arbitration Act, Act of April

25, 1927, P.L. 381, 5 P.S. §173, and sets forth allegations based thereon. It fails, however, to set forth a cause of action cognizable at common law and was, therefore, properly dismissed by the lower court.

In Pennsylvania, arbitration takes either of two forms: arbitration under the Act of 1927 or arbitration at common law. And the difference is not merely one of appellation for, among other significant distinctions, under the Pennsylvania Arbitration Act, broad judicial review of the award is permitted, while common law arbitration may be reviewed only for fraud, misconduct, corruption or other such irregularity which caused the arbitrator to render an unjust, inequitable and unconscionable award. *Wingate Construction Company v. Schweizer Dipple, Inc.,* 419 Pa. 74, 213 A. 2d 275 (1965); *Harwitz v. Selas Corporation of America,* 406 Pa. 539, 178 A. 2d 617 (1962). Thus appellants' petition presents a proper case for judicial review only if the Act of 1927 is in fact applicable. In *John A. Robbins Company, Inc. v. Airportels, Inc.,* 418 Pa. 257, 262, 210 A. 2d 896, 898 (1965), we held that "[when] the agreement to arbitrate does not itself determine whether the Act of 1927 or common law rules are controlling . . . and [when] there is no evidence that both parties subsequently agreed, either expressly or by implication, to apply the Act, common law rules must control the enforcement of the award." Likewise, common law rules must control the scope of review of the award. *Wingate Construction Company v. Schweizer Dipple, Inc.,* supra. The instant agreement makes no reference to the Arbitration Act, and the record reveals no agreement between the parties that that Act was to be followed in pursuing the arbitration of grievances. Consequently, the rules of common law arbitration are here controlling, and in no manner does the appellants' petition present for our consideration a question justiciable at common law.

Finally, we feel compelled to comment on a clerical error revealed in the instant record. This matter was brought before the lower court by a petition to vacate the arbitration award. This is correct procedure. See *Wingate Construction Company v. Schweizer Dipple, Inc.,* supra. The docket entries, however, improperly disclose that this case was instituted by a complaint in equity. Practitioners should not follow the procedure indicated in the docket entries, but should pursue their remedies in related cases through petitions similar to those filed in *Wingate* and the instant matter.

Order affirmed.

Mr. Justice ROBERTS concurs in the result.