**CONSERVATION COUNCIL OF NORTH CAROLINA et al., Appellants,**

v.

**Robert F. FROEHLKE, Secretary of the Army, et al., Appellees.**

**No. 72–2197.**

United States Court of Appeals, Fourth Circuit.

Argued Feb. 7, 1973.

Decided Feb. 8, 1973.

Norman B. Smith, Greensboro, N. C. (Smith, Patterson, Follin & Curtix, Greensboro, N. C., Thomas Schoenbaum, Chapel Hill, N. C., University of North Carolina Law School; Roger W. Smith and Tharrington & Smith, Raleigh, N. C., on brief), for appellants.

Emery B. Denny, Jr., Durham, N. C., for Intervenors, City of Durham and Town of Chapel Hill; Larry G. Gutterridge, Atty., U. S. Dept. of Justice, Washington, D. C. (Kent Frizzell, Asst. Atty. Gen., William L. Osteen, U. S. Atty., Jacques B. Gelin, Atty., U. S. Dept. of Justice, Washington, D. C., on brief), for appellees.

Rudolph G. Singleton, Jr., Fayetteville, N. C., for intervenors, the City of Fayetteville, a municipal corporation, and Cumberland County, a political subdivision of the State of North Carolina, and others.

Before CRAVEN and RUSSELL, Circuit Judges, and HERBERT F. MURRAY, District Judge.

PER CURIAM:

■ The basic issue in this appeal from an order granting summary judgment for the defendants is whether the District Court had an obligation to review the merits of a substantive agency decision to determine if it is in accord

with NEPA [1] or whether the court discharges its proper function by merely determining that the agency has acted in a procedurally correct manner, *i. e.*, on the basis of a reasonably sufficient "impact" statement. The District Court concluded that it was without jurisdiction to substantively review the agency action or the environmental impact statement.

We agree with the Eighth Circuit that:

. . . . District Courts have an obligation to review substantive agency decisions on the merits to determine if they are in accord with NEPA.

The review is a limited one for the purpose of determining whether the agency reached its decision after a full, good faith consideration of environmental factors made under the standards set forth in §§ 101 and 102 of NEPA; and whether the actual balance of costs and benefits struck by the agency according to these standards was arbitrary or clearly gave insufficient weight to environmental factors.

Environmental Defense Fund v. Froehlke, 473 F.2d 346 (No. 72–1427, 8th Cir., Dec. 14, 1972).

We think the District Court must engage in a "substantial inquiry" to determine "whether there has been a clear error of judgment." Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 824, 28 L.Ed. 2d 136 (1971). Accordingly, we remand to the District Court with directions to consider the merits and review the substantive findings of the agency.

█ Pending rehearing and reconsideration, we direct the District Court to issue immediately a preliminary injunction to restrain and prevent any action that might further change the environment. By way of elaboration, the injunction should prevent *pendente lite* the further destruction of trees and clearing of land, but not necessarily prevent continuing work in areas that have already been changed in the environmental sense, *i. e.*, work in progress presently on the dam site, or in other areas where trees have been cut and land cleared.

Let the mandate of this court issue at once.

---

[1]. National Environmental Policy Act of 1969, 42 U.S.C. §§ 4321–4347 (1970).