**Hiram B. ELY et al.**

v.

**Richard W. VELDE et al.**

**Civ. A. No. 459–70–R.**

United States District Court,
E. D. Virginia,
Richmond Division.

April 1, 1973.

Emanuel Emroch, Richmond, Va., for plaintiffs.

Vann H. Lefcoe, Asst. Atty. Gen. of the State of Virginia, David G. Lowe, Asst. U. S. Atty., Richmond, Va., for defendants.

## MEMORANDUM

MERHIGE, District Judge.

On December 21, 1972, this Court issued a memorandum and order directed to the state defendant's (hereinafter, Virginia's) motion for summary judgment and to the plaintiffs' motion to file an amended complaint. It was Virginia's contention that the decision by state authorities to withdraw a request of the Law Enforcement Assistance Administration (LEAA) for federal funds to finance the construction of a penal facility in Louisa County, Virginia, made this suit moot and required its dismissal. The plaintiffs contested this argument and further sought to file an amended complaint setting forth a cause of action under state law. In its opinion the Court found that the action was not moot, on the theory that if the plaintiffs could prove that the policies of the Environmental Policy Act, 42 U.S.C. § 4321 et seq., and of the National Historic Preservation Act (NHPA), 16 U.S.C. § 470 et seq., had been subverted by a mere shift in bookkeeping, they might still be entitled to relief. The

Court further ruled that the plaintiffs should not be allowed to file their amended complaint (or, if filed, it should be dismissed) on the grounds that it raised only state law issues and that the issues were such, in the context of this trial, that the Court should not exercise its pendent jurisdiction over them. No motion was made by any party to modify, in light of the Court's ruling, the injunction that was still in effect.

On the same day that the Court's order was filed, the federal defendants filed a motion for summary judgment based on the same mootness grounds asserted by Virginia in its motion. Subsequently, the plaintiffs filed a motion to reconsider the Court's order dismissing the supplemental complaint, but before the Court could rule on that motion, the plaintiffs filed a notice of appeal. The federal defendants then filed a notice of cross appeal, apparently because of uncertainty as to whether the Court had ruled on its motion for summary judgment.

■ Initially, the Court must consider whether it still has authority to decide the issues before it. An interlocutory appeal such as has been taken here normally has the effect of staying all further proceedings in the district court. This Court can find no guidance from cases or commentators as to what course it must take when a motion to reconsider and a notice of appeal are filed conjunctively. In the interests of clarity of the record on appeal, however, and because the Court has not been persuaded to alter the result previously reached, these motions will be addressed.

■ The plaintiffs' motion to reconsider the Court's dismissal of the amended complaint is without merit. As the Court stated in its previous memorandum, the plaintiffs' state constitutional claim involves undecided questions of Virginia law and factual issues that are totally dissimilar from those before this Court. Were this an action in which a federal agency decision was being reviewed to determine whether it was arbitrary or gave insubstantial weight to the environmental factors set forth in NEPA, Conservation Council of North Carolina v. Froehlke, 473 F.2d 664 (4th Cir. 1973), the Court might well hear the state claim. This is not such a case, however, and the legal and factual questions are totally different. The Court reaffirms its decision not to exercise pendent jurisdiction over this claim.

■ Plaintiffs have asserted in their memoranda and in oral argument, however, that the supplemental complaint also sought to state a federal claim. The nature of this claim is that the decision by Virginia to build the penal facility in Louisa County is, in light of the acknowledged adverse environmental effects, arbitrary and capricious. It is asserted that this arbitrary decision is violative of the plaintiffs' federal rights on the theory that the Court "has inherent judicial authority, in the absence of any specific statutory or constitutional provision, to declare that the actions of the state defendants are arbitrary and unreasonable . . ." The plaintiffs' claim is frivolous. See Ely v. Velde, 451 F.2d 1130, 1139 (4th Cir. 1971). The Court will not alter its decision to dismiss the supplemental complaint.

■ As noted previously, the federal defendants' motion for summary judgment was filed on the same day that the Court issued its order. It was not, therefore, actually ruled upon, although the mootness argument on which it was based is identical to that raised by Virginia. For the reasons stated in its memorandum of December 21, 1972, the Court will deny this motion. In doing so, the Court notes a fundamental difference between this case and others cited to it by the defendants, such as City of Boston v. Volpe, 464 F.2d 254 (1st Cir. 1972). Federal funding by the LEAA is in the form of block grants, meaning that each state is entitled to a certain block of funds. While the state must specify in its comprehensive plan the uses to which the funds will be put, it has considerable discretion in determining those uses. More importantly, a state may request funds for one purpose,

which request is approved by the LEAA, and then withdraw that request, substituting another for it, while still receiving the same funds approved for the first. This sort of arrangement is fundamentally different from that involved in *City of Boston*, where under the Airport and Airways Development Act, 49 U.S.C. § 1716, a decision to forego federal funding for a particular project results in a loss of federal funds altogether. The block grant system that is present in this case, where the federal funds are not lost, establishes an opportunity for the avoidance of federal statutory requirements through bookkeeping maneuvers. If the plaintiffs can establish that this has in fact occurred with regard to the funds originally requested for the Green Springs penal facility, they are entitled to an injunction against the transfer by the federal defendants to Virginia of those funds pending the satisfaction of NEPA's requirements. This case is not, therefore, moot, and the defendants are not entitled to their motion for summary judgment.

An order in accordance with this memorandum will issue.