INTERNATIONAL BROTHERHOOD OF
TEAMSTERS, LOCAL UNION NO.
249 et al., Plaintiff,

v.

MOTOR FREIGHT EXPRESS, INC.,
Defendant.

Civ. A. No. 73-67.

United States District Court,
W. D. Pennsylvania.

April 6, 1973.

Joseph J. Pass, Jr., Pittsburgh, Pa.,
for plaintiff.

E. Carl Uehlein, Jr., Washington, D.
C., for defendant.

OPINION

WEBER, District Judge.

Plaintiff and Defendant were parties
to a collective bargaining agreement
which required final and binding arbi-
tration of grievances. A grievance was
filed by Plaintiff and submitted to arbi-
tration which resulted in a decision dis-
missing the grievance on December 21,
1971.

On January 18, 1973, Plaintiff filed a
complaint with this court praying alter-
natively that the award of the arbitrator
be set aside and vacated; that the griev-
ance be re-submitted de novo to another
arbitrator; that the award be set aside
and vacated and that the grievance of
Plaintiff be sustained; and that the
court grant such other relief as it may
deem just and proper. The complaint is
equitable in nature. Jurisdiction is al-
leged under Sec. 301 of the Labor Man-
agement Relations Act of 1947, 29 U.S.

C.A. § 185. This is not contested and the court finds jurisdiction.

Defendant moves to dismiss on the grounds that the action is barred by the applicable statute of limitations or by laches.

Sec. 301 of the Labor Management Relations Act contains no statute of limitations. International Union, UAW v. Hoosier Cardinal, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 [1966] says that the appropriate state statute of limitations applies. The court, however, rejected the argument that the Indiana 20 year old statute of limitations on contracts in writing applied to a Sec. 301 action on a collective bargaining agreement, and, because of the nature of the individual employment contracts involved, approved the application of the Indiana 6 year statute of limitations. The court also approved the selection of the shorter period because "relatively rapid disposition of labor disputes is a goal of federal labor law." (p. 707, 86 S.Ct. p. 1114).

Defendant argues for the application of the three months' limitation provided by the Pennsylvania General Arbitration Act, 5 P.S. § 161 et seq., which requires that a petition to vacate an arbitrator's award must be filed within three months after the award. This statute provides several grounds upon which a court may vacate an award [5 P.S. § 170], and it is noteworthy that Plaintiff, while denying the applicability of this statute, generally relies upon these grounds to vacate the award.

Plaintiff argues that the Pennsylvania General Arbitration Act is applicable only in those cases where the parties have explicitly or impliedly agreed to be bound by its provisions, and this is established by Keller v. Local 249, 423 Pa. 353, 223 A.2d 724 [1966] and John A. Robbins Company, Inc. v. Airportels, Inc., 418 Pa. 257, 210 A.2d 896 [1968]. There is nothing in this record to show that the parties agreed to be bound by the Pennsylvania General Arbitration Act. Nevertheless, they agreed to arbitrate.

The Pennsylvania Act was enacted in 1927 following a Uniform Act approved in 1925 and adopted in a number of states. Similarly, the United States Arbitration Act [9 U.S.C. 1 et seq.] requires the filing of a motion to vacate within three months of the award. Many courts have held that certain sections of the federal arbitration act should be applied to labor disputes by federal courts under their mandate to fashion a body of federal laws for the enforcement of collective bargaining agreements. Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 [1957].

Plaintiff argues that no statute of limitations contained in any arbitration statute is applicable here because this is a suit upon a contract under Sec. 301, and that the only Pennsylvania statute of limitations applicable would be the six year Pennsylvania limitation on actions upon a contract.

■ If this were so that would be the end of the matter. The contract in this case calls for final and binding arbitration. The parties to the contract bargained for the construction of the arbitrator and not that of the courts. Hill v. Aro Corporation, 275 F.Supp. 482, [N.D. Ohio, W.D.1967]. Federal law is clear that the determinations of arbitrators are final and binding in labor cases. General Drivers, Local 89 v. Riss & Co., 372 U.S. 517, 83 S.Ct. 789, 9 L.Ed.2d 918 [1963]; United Steelworkers v. American Mfg. Co., 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403 [1960] and the reported cases of the Steelworkers Trilogy following that case.

■ However, the law recognizes that an arbitrator's award may be vacated when there is a defect in the proceeding which goes to the jurisdiction of the arbitrator, and the circumstances under which an arbitrator's award may be set aside are set forth in the federal arbitration statute and many state arbitration states, including the Pennsylvania

statute. These statutes generally prescribe a uniform standard of three months in which a motion to vacate the award must be made.

Because plaintiff largely relies upon grounds afforded by both the federal and the Pennsylvania statute for vacating the award, it is appropriate that their three month limitation be applied. Both provisions are consistent with the policy of national labor law. Under federal labor law, the award was reviewable only to the extent provided for in the Pennsylvania and federal arbitration acts.

 If, as plaintiff suggests, there are no material facts distinguishing this case from that of Keller v. Local 249, 423 Pa. 353, 223 A.2d 724 [1966], we are compelled to the same conclusion as was the court in *Keller*. It was there held that absent any agreement that the Pennsylvania General Arbitration Act was to apply, then the rules of common law arbitration were applicable. While under the Pennsylvania General Arbitration Act broad judicial review of the award is permitted, common law arbitration may be reviewed only for fraud, misconduct or corruption. The complaint in this case makes no clear allegation of these elements, and thus, as in *Keller*, fails to set forth a cause of action cognizable at common law.

Whether or not the Plaintiff has properly filed a complaint seeking equitable relief is a matter that has not been raised here. Because the contract here called for final and binding arbitration, this court has no authority to construe the contract. We can only review the arbitration process to the extent provided by arbitration acts or the common law of arbitration. Procedurally, therefore, the action can only be brought as a petition to vacate the arbitration award. Wingate Construction Co. v. Schweizer Dipple, Inc., 419 Pa. 74, 213 A.2d 275 [1965]; Keller v. Local 249, *supra*.

Despite Plaintiff's assertion, it is not suing Defendant to enforce a contract under Sec. 301. The contract calls for final and binding arbitration, and the parties have removed the contract from the court's consideration. Plaintiff rather seeks equitable relief from the effects of that contract. The defendant pleads that a delay of thirteen months before seeking relief and asking that employees' grievances be relitigated subjects it to substantial prejudice, and that the plaintiff should be barred under the doctrine of laches. We believe that the prejudice to defendant is real and substantial, and that federal labor policy favoring the early settlement of disputes supports its application, as well as the general policy pervading the arbitration statutes, the Uniform Laws, the Pennsylvania Act and the federal act, which prescribe a three months limitation on proceedings to vacate an arbitration award. We believe that the plaintiff is barred by its failure to bring this action in a timely manner, and that the three month limit of the Pennsylvania General Arbitration Act and the Federal Arbitration Act provide an appropriate and uniform standard of limitation upon proceedings seeking to vacate an arbitration award made under a collective bargaining agreement which provides for final and binding arbitration.

The complaint will be dismissed.