**UNITED MINE WORKERS OF AMERICA et al., Plaintiffs,**

v.

**JONES & LAUGHLIN STEEL CORPORATION et al., Defendants.**

Civ. A. No. 73–677.

United States District Court,
W. D. Pennsylvania.
July 19, 1974.

Morley M. Azorsky, California, Pa., Joseph A. Yablonski, Daniel B. Edelman, Washington, D. C., for plaintiffs.

Anthony J. Polito, Pittsburgh, Pa., for defendants.

## OPINION AND ORDER

SCALERA, District Judge.

In Count I of this action brought under § 301 of the National Labor Relations Act, 29 U.S.C. § 185, the plaintiffs United Mine Workers of America and Peter Yankura seek to have the court vacate an arbitration award discharging Yankura on the basis that the award was founded on false evidence. Plaintiffs also request that the court enter an order reinstating Yankura with full seniority, award him back pay, and grant punitive damages.

In Count II, plaintiffs Yankura, Yesenosky and Hager seek compensatory and punitive damages for malicious prosecution. This court's jurisdiction over Count II, which arises under the laws of Pennsylvania, is said to be pendent to the court's jurisdiction over Count I.

The complaint alleges that Ralph F. Willis gave a false written statement about an altercation which occurred between himself and the individual plaintiffs during a work stoppage, which statement was admitted into evidence before a joint board hearing, that defendants Mine Supervisor Skeens and Mine Foreman Tilton testified falsely at the hearing concerning the statement, and that it was only because of this statement that the umpire entered an award affirming the discharge of Yankura.

The complaint further alleges that at the insistence of defendant Skeens, Willis brought criminal charges of assault and battery and surety of the peace against plaintiffs Yankura, Yesenosky and Hager and falsely testified at a probable cause hearing before a magistrate on July 6, 1972, as a result of which Yankura and Hager were bound over for trial.

The complaint also alleges that on September 26, 1972, Willis gave a sworn deposition to Morley M. Azorsky, Esq., one of the attorneys for the plaintiffs, averring that the written statement he had given his supervisor, the criminal charges he had initiated, and the testimony he had given at the probable cause hearing before the magistrate had been false.

On October 10, 1972, Willis was found dead in his car as a result of a gunshot wound, which the coroner found was self-inflicted.

All three defendants have filed motions to dismiss the complaint or in the alternative to strike portions of the complaint.

Defendants seek dismissal of Count I on the basis that it was untimely filed. Defendants assert that if Count I is dismissed, Count II must also be dismissed because it arises under the state law and this court has no jurisdiction to hear it other than as a pendent jurisdictional matter. Even if Count I is not dismissed, defendants seek dismissal of Count II on the basis that it may not be properly considered to be within the pendent jurisdiction of this court. Dismissal of Counts I and II is also sought on the theory that a claim for relief has not been stated because the proof of all the allegations of the complaint is dependent upon an inadmissible statement.

Defendant Skeens also moved to dismiss the complaint on the basis that Skeens had not been properly served under Pennsylvania law.

### Timeliness of Complaint

Defendants contend that Count I of the complaint is barred by the applicable statute of limitations.

Accepting as true all well-pleaded allegations of the complaint, as well as all reasonable inferences drawn therefrom, as we are required to do in a motion to dismiss, Park View Heights Corporation v. City of Black Jack, 467 F.2d 1208 (8th Cir. 1972), we must determine whether plaintiffs have stated a claim upon which relief could be granted in Count I which is not barred by the statute of limitations.

The following facts are before us: The arbitration award was entered on

September 6, 1972.[1] The statement of Willis, upon which plaintiffs are relying to set aside the arbitration award, was given to Mr. Azorsky twenty days later on September 26, 1972. The complaint was filed on August 8, 1973, approximately eleven months after entry of the arbitration award and ten and one-half months after the statement was given to Mr. Azorsky, one of the attorneys of record filing the complaint on behalf of plaintiffs.

There is no statute of limitations provision governing § 301 suits in the federal law. The Supreme Court has held that the "timeliness of a 301 suit . . . is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." International Union v. Hoosier Cardinal Corporation, 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192 (1966).

In choosing the appropriate state statute of limitations, the proper characterization of the 301 suit is decisive. The characterization of the action is a question of federal law. But the characterization that state law would impose is acceptable unless that characterization "is unreasonable or otherwise inconsistent with national labor policy." International Union v. Hoosier Cardinal Corporation, supra, 383 U.S. at 706, 86 S.Ct. at 1113.

In *Hoosier,* the union sued on behalf of terminated employees to recover accrued vacation pay due from their employer under the provisions of the collective bargaining agreement. The complaint was filed almost seven years after the employees left the company. The Supreme Court accepted the district court's application of the Indiana six-year statute of limitations governing contracts not in writing and rejected the union's position that the twenty-year provision governing written contracts should have been applied.

The Supreme Court analyzed the nature of the 301 suit, noting that the case was not based exclusively upon a written contract. The court reasoned that although the petitioner sought damages based upon a breach of the vacation pay clause in the written collective bargaining agreement, proof of the breach and of the measure of damages depend upon proof of the existence and duration of separate employment contracts (frequently oral contracts) between the employer and each of the employees.

Thus, the court applied the six-year statute and not the twenty-year law and affirmed the dismissal of the suit. As the dissent in *Hoosier* noted in discussing the majority's holding, "The Court's opinion suggests, for example, that had the present suit been 'exclusively based upon a written contract', ante, at p. 706 [86 S.Ct. at p. 1114, 16 L.Ed.2d at p. 200], the Indiana 20-year, rather than the six-year, statute would have governed." *Hoosier,* supra, 383 U.S. at 709, 86 S.Ct. at 1115.

The imposition of the shorter limitation period was held to be consistent with the federal labor policy goal of the expeditious disposition of labor problems:

" . . . the characterization that Indiana law imposes upon this action does not lead to any conflict with federal labor policy. Indeed, to the extent that a policy is manifest in the Labor Management Relations Act, it supports acceptance of the characterization adopted here. The six months' provision governing unfair labor practice proceedings, 61 Stat. 146, 29 USC § 160(b), suggests that relatively rapid disposition of labor disputes is a goal of federal labor law. Since state statutes of limitations governing contracts not exclusively in writing are generally shorter than those applicable to wholly written agreements, their

---

1. Although the complaint indicates the award was entered on September 8, 1972, the arbitration award which is appended to the complaint, exhibit C, shows that it was signed by the umpire on September 6, 1972, and received by the United Mine Workers of America on September 8, 1972.

applicability to § 301 actions comports with that goal. There may, of course, be § 301 actions that can only be characterized fairly as based exclusively upon a written agreement. But since many § 301 actions for wages or other individual benefits will concern employment contracts of the sort involved here, there is no reason to inhibit the achievement of an identifiable goal of labor policy by precluding application of the generally shorter limitations provisions." 383 U.S. at 706, 86 S.Ct. at 1114, 16 L.Ed.2d at 200.

In International Brotherhood of Teamsters, Local Union No. 249 et al. v. Motor Freight Express, Inc., 356 F. Supp. 724 (W.D.Pa.1973), a 301 action, the plaintiffs sought to vacate an arbitration award, bringing their law suit thirteen months after the award. The plaintiffs argued that because the case was a suit upon a contract, the only Pennsylvania statute of limitations applicable was the six-year limitation on contract actions. The defendants contended that the three-months' limitation provided by the Pennsylvania General Arbitration Act applied. Judge Weber said at page 726:

"We believe that the plaintiff is barred by its failure to bring this action in a timely manner, and that the three month limit of the Pennsylvania General Arbitration Act and the Federal Arbitration Act provide an appropriate and uniform standard of limitation upon proceedings seeking to vacate an arbitration award made under a collective bargaining agreement which provides for final and binding arbitration."

The complaint was dismissed.

While suggesting that the Federal Arbitration Act, 9 U.S.C.A. § 12, which has a three-month statute of limitations for appeals from arbitration awards also provided a guideline, Judge Weber bottomed his decision on the application of the limitation period prescribed by the Pennsylvania Arbitration Act.

Judge Weber rejected the contention of the plaintiffs that their suit was a contract action and required the application of the statute of limitations applicable to contracts. The court applied the *Hoosier* test, characterizing the 301 suit as similar in nature to an appeal from an arbitration award and applied the appropriate statute.

Judge Weber noted that, again in accordance with *Hoosier*: " . . . federal labor policy favoring the early settlement of disputes supports its application . . .," (referring to the lesser time period of the three-month statute of limitations.) International Brotherhood of Teamsters, Local Union No. 249 et al. v. Motor Freight Express, Inc., supra, 356 F.Supp. 726. The court here followed the second command of *Hoosier* that the application of the appropriate state statute be consistent with or at least not conflict with federal labor law.

In Hill v. Aro Corporation, 275 F. Supp. 482 (N.D.Ohio, W.D.1967), plaintiff sought in the first count of his 301 suit to vacate the award of an arbitrator. The defendants moved to dismiss this count, citing an Ohio statute providing a three-month statute of limitation for appeals from arbitration.

The court noted the similarity of the Ohio statute to the Federal Arbitration Act and determined that it was unnecessary "in the abstract" to decide which act applied because both provided an identical three-month statute of limitations and both provisions are consistent with the policy of the federal labor law. The court dismissed the first count.

In Howerton v. J. Christenson Co., 76 L.R.R.M. 2936 (N.D.Calif.1971), plaintiffs sought in a 301 suit to unseat an arbitration award. The court, citing *Hoosier*, applied the California state statute of limitations applicable to petitions to vacate or correct an arbitration award and dismissed the lawsuit as being filed beyond the time period of one hundred days prescribed by the state statute.

It is apparent despite variations in the reasoning of the several cases which have applied the *Hoosier* rule that all of them may be summarized as being a three-part process: (1) as a matter of federal law, the appropriate state statute of limitations must be applied to 301 cases; (2) the appropriateness of the statute is determined by properly characterizing the § 301 suit and selecting that state provision applicable to the particular type of action; and (3) that the state statute is consistent with or does not conflict with the goals of the federal law or "best implements" the federal labor policy.

It is not disputed that this case is a § 301 action to vacate an arbitration award. Pennsylvania has an arbitration statute which provides for a three-month limitation on appeals from an arbitration award.

It is not disputed that a goal of the national labor policy is the relatively rapid disposition of labor disputes. Application of Pennsylvania's three-month statute of limitations is not only not inconsistent with that goal but even serves to effectuate national labor policy.

The plaintiffs argue that the Pennsylvania statute of limitations governing contract actions, which is six years, is the proper statute to apply. The plaintiffs advance no authority in support of this position. Apparently the plaintiffs intend that we infer that the six-year statute is the appropriate state statute because the arbitration award was entered pursuant to the written collective bargaining agreement between the parties in this case. This type of argument was rejected and distinguished in *Hoosier,* supra, and in *Motor Freight Express,* supra.

The plaintiffs argue that the Pennsylvania arbitration statute should not be applied in any case where the parties have not expressly agreed to be bound by its provisions, and cite Pennsylvania cases to the effect the General Arbitration Act applies only when the parties expressly agree that it apply. This proposition ignores the fact that the three-month provision is being applied as a matter not of state but of federal law. To adopt plaintiffs' argument would be to negate *Hoosier* entirely. The plaintiffs further suggest that there is an important distinction to be noted in the rule imposed by Pennsylvania's courts that absent express agreement to be bound by the Pennsylvania Arbitration Act, a suit in the nature of an appeal from an arbitration award is governed not by the statute but by common law.

We find no Pennsylvania cases in which the limitation period in an arbitration at common law has been indicated or discussed. Pennsylvania cases do hold that common law rules apply to arbitrations at common law, John A. Robbins Co. v. Airportels, Inc., supra; Keller v. Local 247 of Int. Bro. of Teamsters, supra, and the common law rule is that an action is not barred by the passage of time. Hauenstein v. Lynham, 100 U.S. 483, 25 L.Ed. 628 (1880), 21 Am.Jur.2d 591. Plaintiffs, however, do not contend that no limitation period applies to this action, and we find that the holding in *Hoosier* would not permit such a result.

■ We think we are required by the decision in *Hoosier,* which requires reference to "appropriate" state law in fashioning statutes of limitations governing 301 actions, to apply the three-month limitation period found in the Pennsylvania Arbitration Act to this cause of action. This statute embodies the judgment of Pennsylvania concerning the period of time parties should have to appeal arbitration decisions. This time period is consistent with the national labor policy of the relatively rapid resolution of labor disputes, an important goal when a matter has already been through grievance and arbitration proceedings and finality is called for to promote stability in the employment arena.

■ The three-month statute of limitations conforms to the time period pre-

scribed in the Federal Arbitration Statute, which is an expression of federal policy which we cannot ignore, and with the time period enunciated in a number of other jurisdictions. Although the United States Arbitration Act does not control appeals from arbitration awards entered pursuant to collective bargaining agreements, Amalgamated Ass'n. of Street, Elect., Ry. & Motor Coach Employees of America v. Pennsylvania Greyhound, 192 F.2d 310 (3d Cir. 1951), it is proper to refer to this statute for guidance in determining issues involved in appeals from such awards, Ludwig Honold Mfg. Co. v. Fletcher, 405 F.2d 1123, 1127 (3d Cir. 1969). Like the Pennsylvania Act, the United States Arbitration Act requires that a motion to vacate an arbitration award be filed within three months.

This action is therefore barred as it was filed eleven months after delivery of the award.

### Pendent Jurisdiction—Count II

■ Because we find Count I of this complaint is barred from our consideration because it was untimely filed, we also dismiss Count II of this complaint which alleges malicious prosecution. It arises under the state law and there is no diversity of citizeship between the plaintiffs and defendants. We believe that it would be inappropriate to retain jurisdiction over the state claim when the federal claim has been dismissed before trial. See United Mine Workers v. Gibbs, 383 U.S. 715, 724–727, 86 S.Ct 1130, 16 L.Ed.2d 218 (1960); Deaktor

v. Fox Grocery Co., 332 F.Supp. 536 (W.D.Pa.1971), aff'd. 475 F.2d 1112 (3d Cir. 1973).

### Laches

■ In view of our conclusion that the statute of limitations applies, thus requiring the granting of the motion to dismiss, we need not consider the matter of laches. However, we discuss it since it has been presented. We find this action would be barred even if the limitation period were determined by laches. See 85 A.L.R.2d 781, § 2.

■ Statutes of limitations which apply to analogous actions at law are used as a yardstick in determining whether delay in filing an action is unreasonable, unless the equities of a case compel the use of shorter or longer period. 13 P. L.D. § 844, 85 A.L.R.2d 784, § 3, see 27 Am.Jur.2d 695, 696, § 159 and § 160.

The reasons for the delay indicated in plaintiffs' brief[2] are not persuasive that a period longer than the three-month statute of limitations expressed in the Pennsylvania Arbitration Act should control this action.

This is not an action where the alleged fraudulent conduct was not learned within the statutory period nor is it an action where it would be inequitable to apply the statute of limitations because the party seeking relief could not reasonably be expected to have acted. In this case the statement upon which plaintiffs are relying was made two weeks after the arbitration award. Although counsel for plaintiffs indicate

---

2. Although allegations in a brief do not constitute allegations in a complaint which are to be considered in deciding a motion to dismiss, since plaintiffs sought to explain the reasons for the delay in their brief, we will treat the facts they have stated as true for the purpose of determining whether there might indeed be a justification for the delay in filing this action.

Plaintiffs indicate in their brief that the matter did not come to the attention of the International until January 1973, shortly after a new counsel was employed on De-

cember 22, 1972, incident to a change in the administration of the union after the 1969 election was set aside, Hodgson and Trbovich v. UMWA, 344 F.Supp. 17, 35 (D.C. 1972), and new elections were conducted under government supervision. They assert that in January and February of 1973, extensive discussions took place between the International and J. & L. with respect to the discharge of plaintiff Yankura, and that it was not until March of 1973 that J. & L. advised the union of its decision not to take any ameliorative action.

the matter did not come to their attention until January of 1973, (even if we assume that this would constitute a justification for the delay) we note that the lawyer to whom the repudiation statement was given is counsel of record for plaintiff in this case.

Additionally, even if we found that the matter did not come to the attention of relevant persons until January of 1973, and that the two months spent attempting to settle the matter was justified, in which the case the statutory period did not commence to run until March of 1973 when it was learned that the matter could not be settled amicably, more than three months still elapsed from that time until the suit was filed on August 8, 1973, for which plaintiffs give no explanation.

We think under these facts, using as a yardstick the statute of limitations of the Pennsylvania Arbitration Act by which to measure the performance of the plaintiffs, the delay was unreasonable.

Plaintiffs assert that this action is not barred by laches because the international union acted promptly to rectify the situation when it came to its attention, and because defendants have failed to demonstrate that the delay has prejudiced them. It is their position that mere delay in an action to set aside an arbitrator's award is not "inherently prejudicial" and that conclusory allegations of prejudice without a recitation of specifically how defendants have been prejudiced is insufficient to establish the existence of prejudice, thereby calling into play the doctrine of laches.

With respect to plaintiffs' contention that defendants have not shown that the delay was prejudiced, we note first that Willis, the individual who gave the statement, is now deceased. Although his suicide occurred only fifteen days after the statement was given, since defendants have been deprived of the opportunity to cross-examine Willis, that fact alone might be sufficient to establish prejudice. In addition, in view of the federal policy favoring rapid disposition of labor matters, we find a delay of eleven months from the date of the labor award and ten and one-half months from the date of Willis' statement without justification to be so unreasonable as to amount to prejudice.