## Lipman v. Cortazzo

*Marie Elisa Marzani,* for petitioner.
*J. Brian Foley,* for respondent.

COTTONE, *J.*, June 27, 1980—This case comes before the court by way of a consolidation of two actions, a petition to vacate the award of the arbitrator and a petition to confirm the award.

Briefly, the facts of the case are as follows: On June 29, 1979 respondents, the Cortazzos, contracted with Aron Lipman, petitioner, wherein Mr. Lipman would provide various services, including architectural design services on a home the Cortazzos were planning to build. The contract provided that "all claims, disputes and other matters arising out of, or relating to, this contract or breach hereof, . . . shall be decided by arbitration."

At all times relevant to their contract, the respondents knew that Mr. Lipman was not a registered architect. However, according to the proffered testimony at a hearing on the matter, petitioner al-

legedly provided architectural services, including structural designs, to the Cortazzos.

In October of 1979, a dispute arose between the parties regarding the services rendered by Mr. Lipman. Petitioner requested an arbitration of the dispute, which was objected to by respondents. In November, respondents filed a civil action in assumpsit in common pleas court alleging that the contract with petitioner was "unlawful, unenforceable and void" and demanded the return of all moneys previously paid to Mr. Lipman. Petitioner filed preliminary objections to the assumpsit action averring that, according to the terms of the contract, the dispute must be submitted to arbitration, an action which was pending at that time.

On November 20, 1979 a hearing on the limited subject of arbitrability of the matter was held before an arbitrator where it was decided that the dispute was arbitrable. Respondents' petition to stay the second arbitration hearing was denied by this court; consequently, an arbitration hearing was held on December 20, 1979. At the conclusion of that hearing, a partial award in favor of petitioner was entered by the arbitrator. Petitioner has now filed a petition to confirm the arbitrator's award, and respondents have filed a petition to vacate the award. In order to expedite the matter, these two actions have been consolidated.

Petitioner contends that, applying the principles of arbitration, this court may not review the arbitrator's award. In Pennsylvania, arbitration takes either of two forms: (1) arbitration under the Act of April 25, 1927, P.L. 381, 5 P.S. §170 et seq. [see now, Judicial Code, 42 Pa.C.S.A. §7314]; or (2)-arbitration, at common law: Goldstein v. International Ladies' Garment Workers' Union, 328 Pa.

385, 196 Atl. 43 (1938). Petitioner's contention that, under either common-law arbitration principles or the Act of 1927, this court is limited in its review of an arbitrator's award, is meritorious. See Keller v. Local 249 of International Brotherhood of Teamsters, etc., 423 Pa. 353, 223 A. 2d 724 (1966). In the case at bar, it is undisputed that common-law principles regarding the arbitration of this matter are applicable, since neither of the parties to the contract specifically referred to the applicability of the act: John A. Robbins Co., Inc. v. Airportels, Inc., 418 Pa. 257, 210 A. 2d 896 (1965). Under common law, the scope of review of an arbitrator's award is severely restricted. Since the goal of arbitration is to promote the intentions of the parties and to terminate litigation, arbitrators are considered the final judges of both law and fact and their awards will not be reviewed or set aside for a mistake in either: Wark & Co. v. Twelfth & Sansom Corp., 378 Pa. 578, 107 A. 2d 856 (1954).

If we agreed with petitioner's formulation of the issue, it would appear as if this court would be precluded from reviewing the matter. However, a closer analysis of the facts presented here shows that the determinative issue is not whether this court can review the arbitrator's decision, but rather whether the contract containing the arbitration clause is, indeed, valid and enforceable.

Respondents contend that the underlying contract between the parties is illegal and, therefore, unenforceable as being contrary to the public policy of the Commonwealth of Pennsylvania. This allegation is based on the fact that an individual who is not licensed under the laws of the Commonwealth cannot practice architecture: Act of July 12, 1919, P.L. 933, as amended; Act of June 27, 1939, P.L.

1188, sec. 4, 63 P.S. §28. Section 28 defines the practice of architecture as the following:

"The . . . rendering or offering to render services to clients by consultations, investigation, evaluations, preliminary studies, plans, specifications, contract documents and a coordination of structural factors concerning the aesthetic or structural design and supervision of construction of buildings or any other service in connection with the designing or supervision of construction of buildings located within the boundaries of the Commonwealth. . . ."

A review of the record of the first arbitration hearing indicates that Mr. Lipman, who is not licensed to practice architecture in Pennsylvania, did indeed engage in activities concerning the construction of the Cortazzos residence, which encompassed the practice of architecture (Record p. 61). The proffered testimony given by a registered architect states that the work performed by Mr. Lipman constituted the practice of architecture (Record p. 35). Petitioner himself stated he did not retain a registered architect in preparing the plan (Record p. 62) and that he was not licensed by the Commonwealth to practice architecture (Record p. 59). Moreover, petitioner testified that he supervised the initial construction phases of Mr. Cortazzo's home (Record p. 62). Without a doubt, the aforementioned circumstances fall within the proscribed acts of section 28 regulating the practice of architecture in this Commonwealth.

Petitioner, in his supplemental brief, relies heavily upon cases decided prior to the enactment of the 1939 amendment to the 1919 act. The test employed by these cases and advocated by petitioner,

i.e., whether petitioner wrongfully held himself out as a registered architect, is no longer applicable. The legislature amended the 1919 Act (by the Act of June 27, 1939, P.L. 1188) and expanded its coverage. The added section 31 states that:

"Persons not registered in this Commonwealth as architects shall not claim nor represent their services or work as equivalent to the services or work of a duly qualified registered architect, or that they are qualified for any branch or function of architectural practice, *even though no form of the title of 'architect' is used.*" (Emphasis supplied.)

The amendatory Act of June 27, 1939, articulates further the legislative intent to "safeguard life, health and property" by prohibiting the practice of architecture by unlicensed persons: 63 P.S. §28. The proffered evidence clearly shows that Mr. Lipman's actions violated these provisions.

Since we conclude that the performance of the contract provisions by petitioner violated the statutory mandate that no unlicensed person may engage in the practice of architecture, it is this court's opinion that the key issue presented here concerns the validity of the underlying contract between the Cortazzos and Mr. Lipman.

One of the fundamental principles of contract law states that a contract is illegal if either the formation or performance of it is prohibited by statute: Restatement, Contracts, §512. A contract which is expressly within the prohibition of a statute is void, even though the statute does not declare, in so many words, that all such contracts shall be void. Id.

Although we are dealing with a statute which does not expressly state that contracts which vio-

late this provision are void, case law in Pennsylvania reflects the position that, where the act to be performed is prohibited by law and, which law merely inflicts a penalty on the offender (as in the case at bar), the penalty implies a prohibition even though there are no prohibitory words in the statute: Dippel v. Brunozzi, 365 Pa. 264, 74 A. 2d 112 (1950). See also, Central R. Co. of New Jersey v. United States Pipe Line Co., 1 F. 2d 866, 868 (3d Cir. 1924).

The validity of a contract for architectural services provided by one who was not a registered architect was addressed in Rudy v. Friedman, 54 D. & C. 2d 628 (1971). The court, in denying recovery for services rendered pursuant to a contract which violated 63 P.S. §§28 and 31, stated that "'it is well settled that the courts will not lend their aid to the enforcement of unlawful contracts which are founded upon transactions in violation of a public policy declared by the legislature.'" 54 D. & C. 2d 630. The court went on to note that "the legislature intended to proscribe the practice of architecture by unlicensed and unregistered practitioners within the Commonwealth, *whether or not* they held themselves out to be registered architects." (Emphasis in original.) 54 D. & C. 2d at 632.

The logical extension of the principle that a contract whose performance is prohibited by statute is illegal and, therefore, void, is that an arbitration clause contained in said contract is also null and void.

The United States Supreme Court in John Wiley & Sons v. Livingston, 376 U.S. 543, 547, 84 S.Ct. 909, 913 (1964), held that the duty to arbitrate is of contractual origin and that a compulsory submission to arbitration cannot precede judicial determi-

nation that the agreement does, in fact, create such a duty. See also, Schoellhammer's Hatboro Manor, Inc. v. Local Joint Executive Board of Philadelphia, 426 Pa. 53, 231 A. 2d 160 (1967).

Since we conclude that the contract supporting the arbitration clause is null and void because of the petitioner's non-compliance with 63 P.S. §28, the arbitration agreement must also be void. Thus, the arbitrator's award issued pursuant to the arbitration agreement is also null and void, and will be vacated and the petition to confirm the award will be dismissed.

### ORDER

Now, June 27, 1980, the petition of Aron S. Lipman to confirm the arbitrator's award, dated January 17, 1980, is hereby dismissed. Further, the petition of Nicholas and Mary Ann Cortazzo to vacate the said arbitrator's award is granted and said award is hereby vacated.