### Lawrence FOGEL

v.

### INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL NO. 773 and Schwerman Trucking Company.

### Civ. A. No. 81–1671.

United States District Court, E. D. Pennsylvania.

Jan. 26, 1982.

William D. Kraut, Downingtown, Pa., for defendant.

Eugene C. LaManna, Reading, Pa., for Schwerman Trucking Co.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

The undisputed facts making this case ripe for summary disposition pursuant to Fed.R.Civ.P. 56 are easily summarized. Plaintiff was represented by defendant, International Brotherhood of Teamsters, Local No. 773 (Local 773) while employed by defendant Schwerman Trucking Company (Schwerman). A collective bargaining agreement between the two defendants provides for the informal and amicable resolution of disputes. Specifically, Section 7.2 thereof establishes a three-step grievance procedure envisioned to resolve "[a]ll grievances, or disputes involving any controversy, complaint, dispute or misunderstanding arising [under] . . . any provision" of the agreement. Matters left unresolved by that procedure are next considered by a joint employer-employee committee, the Joint Committee, established pursuant to Section 7.3; it too seeks to amicably resolve

and adjust disputes. Section 7.4 of the agreement provides that decisions of the Joint Committee "shall be final and binding on all parties."

Plaintiff, when fired, requested Local 773 to represent him in the grievance procedure; they did so. After the Section 7.2 procedures failed to provide plaintiff with the relief which he sought, the matter was considered by the Joint Committee which, on April 27, 1979, upheld plaintiff's termination. Over two years later, on May 4, 1981, plaintiff instituted suit against defendant Schwerman for breach of the collective bargaining agreement and against Local 773 for breach of the duty of fair representation. Jurisdiction is invoked under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, (LMRA). Both defendants move for summary judgment and argue that *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981) precludes this action which seeks to vacate the decision of an arbitrator beyond the three-month limitation period provided by Pennsylvania law. *See* 5 P.S. § 173.[1] We agree with defendants and grant both of the motions.

Plaintiff's memorandum in opposition to defendants' motions for summary judgment argues only that the claim against Local 773 is not time barred, it does not oppose Schwerman's motion. Under such circumstances the Court may properly treat the motion as unopposed. *See Local Rule* 20(c) (In the absence of a timely response, the motion may be treated as uncontested). *See also Shoemaker v. Allender*, 520 F.Supp. 266, 271 (E.D.Pa.1981). Hence, defendant Schwerman's motion for summary judgment will be granted.

Opposing Local 773's motion, plaintiff argues that *Mitchell* only considered the time

within which § 301 actions against an employer must be instituted after a binding arbitration. The court held that the limitations period is determined by reference to the state statute of limitations for actions to vacate arbitration awards. Since, in the case at bar, plaintiff seeks relief from the *Union* for its asserted breach of the duty of fair representation, plaintiff asseverates that we are not bound by *Mitchell* and may properly consider the limitation period within which this action must be brought as determined by Pennsylvania's six-year period governing written contracts. *See* 42 Pa. C.S.A. § 5527(2). In so arguing plaintiff seeks to draw a distinction between the time within which actions against a union may be brought and the time within which actions against an employer may be brought under § 301. The distinction urged upon us was articulated by Mr. Justice Stevens in a separate opinion in *Mitchell*. *See United Parcel Service, Inc. v. Mitchell*, 451 U.S. at 71, 101 S.Ct. at 1568 (Justice Stevens) (concurring in part; dissenting in part). In that opinion, Justice Stevens expressed his "fear" that the majority's broad holding and sweeping language would be understood as "resolv[ing] the question [of] whether the same statute of limitations governs the employee's claim against the union" as governs the claim against the employer 451 U.S. at 72, 101 S.Ct. at 1568.

However, notwithstanding those fears, and the logic upon which they are predicated, we read the majority opinion in *Mitchell* as requiring that § 301 suits, seeking to vacate arbitration awards, must be commenced within the period required by the forum state to vacate an arbitration. For example, the majority observed that an unfair representation claim made by an employee against his union is more a "creature

---

1. Title 5 was repealed October 5, 1980, and replaced by the Uniform Arbitration Act, 42 P.S.C.A. §§ 7301 *et seq.* 5 P.S. § 173 would have controlled the limitation on plaintiff's action which, under that statute should have been filed no later than July 27, 1979. If the new provision were to control, under 42 P.S.C.A. § 7314(b), plaintiff would have had only thirty days to file this action. The Uniform Arbitra-

tion Act is specifically applicable to collective bargaining arbitrations, 42 P.S.C.A. § 7302(b), the prior act was also held applicable to collective bargaining arbitrations. *See United Mine Workers v. Jones & Laughlin Steel Corp.*, 378 F.Supp. 1206, 1210 (W.D.Pa.1974); *Teamsters Local 249 v. Motor Freight Express*, 356 F.Supp. 724, 726 (W.D.Pa.1973).

of 'labor law' ... than it is of general contract law". *United Parcel Services, Inc. v. Mitchell*, 451 U.S. at 63, 101 S.Ct. at 1564. Since federal policy fosters the "rapid disposition of labor disputes", *International Union, UAW v. Hoosier Cardinal Corp.*, 383 U.S. 696, 707, 86 S.Ct. 1107, 1114, 16 L.Ed.2d 192 (1966), the application of the "shorter limitations period" is preferred. *Liotta v. National Forge Co.*, 629 F.2d 903, 906 (3d Cir. 1980), *pet. for cert. pending*, 451 U.S. 970, 101 S.Ct. 2045, 68 L.Ed.2d 348.

In *Liotta*, the Third Circuit, anticipating the *Mitchell* holding, applied the shorter limitation period to a § 301 suit against plaintiff's employer. In doing so, the court noted that "courts within this circuit have consistently applied the three-month limitations period to suits seeking to vacate an arbitrator's award." *Liotta v. National Forge Co.*, 629·F.2d at 905. One of the cases which it cited for that proposition was *Siskey v. General Teamsters, Chauffeurs*, 419 F.Supp. 48 (W.D.Pa.1976). That case considered the issue here presented, whether the asserted breach of the Union's duty of fair representation undermined the arbitration process so as to bar its finality or to stay the running of the statute of limitations. Although the *Siskey* court did not specifically hold on the grounds urged today by Local 773, it did acknowledge the seriousness of the apparent late filing in violation of the statute of limitations and observed that federal courts in Pennsylvania have applied the three-month limitation period to labor suits. *Id.* at 54, n. 8.

In any case, we reject plaintiff's argument which places heavy reliance on that part of Mr. Justice Stevens' opinion which *dissented* from the majority's holding. Justice Stevens concurred in the court's judgment "insofar as it pertains to respondent's action against his employer." 451 U.S. at 76, 101 S.Ct. at 1571. Clearly then, he read the majority opinion as requiring § 301 suits by employees against their unions for breach of the duty of fair representation to be brought within the time required by the state limitations period to vacate an arbitration award. We read the majority opinion in the same light and are bound by it.

We will enter an appropriate order granting Local 773's motion.