John T. FARRELL

v.

LOCAL NO. 384 OF THE INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA and Dante F. Volpe, D/B/A Volpe Express.

No. CA 82–2550.

United States District Court,
E. D. Pennsylvania.

Sept. 21, 1982.

Robert J. Kerns, Tom Landis, Philadelphia, Pa., for plaintiff.

William J. Einhorn, Thomas Bender, Jr., Philadelphia, Pa., for defendants.

MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This case presents the issue of which state statute of limitations should be applied to an employee's action against his employer and union pursuant to Section 301(a) of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. The plaintiff-employee, alleges that the defendant-employer breached the collective bargaining agreement (agreement) between the defendant-employer and the defendant-union and engaged in unfair labor practices, and alleges that the defendant-union breached its statutory duty of fair representation. The plaintiff claims that this is an original action and that the two-year tort or the four-year contract statute of limitations apply. Both of the defendants move for dismissal pursuant to Rules 12(b)(1) and 12(b)(6), F.R.Civ.P., on the ground that the action is one to vacate an arbitration award and therefore, the thirty-day statute of limitations applies and bars this action. For the reasons which follow, the motion of the defendants is granted.

The plaintiff, John T. Farrell, was employed by defendant-employer, Dante Volpe, d/b/a Volpe Express, as a truck driver from October 1979 to April 1980, at which time he was laid off. The plaintiff filed a grievance on June 11, 1980 alleging that the defendant-employer was using non-union dock workers in violation of the agreement entered into between defendant-employer and defendant-union, Local No. 384 of the International Brotherhood of

Teamsters, Chauffeurs, Warehousemen and Helpers of America. In accordance with the established procedures under this agreement, the grievance was heard by a joint employer/union grievance panel on August 14, 1980 and November 5, 1980. The Joint Local Committee denied the grievance in November 1980. According to Article 44, Section 3(d) of the agreement, this decision was "final and binding on all parties."

Seventeen months later, in June 1982, plaintiff filed this complaint against defendant-union and defendant-employer under Section 301(a) of the LMRA. He alleges the following against defendant-employer: (1) that employer breached the agreement between it and defendant-union by employing a non-union worker at its docks; and (2) that employer engaged in interfering, restraining and coercing plaintiff in the exercise of his rights guaranteed in Section 7 of LMRA by (a) threatening plaintiff with discharge for pursuing the said grievance, (b) informing plaintiff that pursuing the grievance would be futile because of improper influence with Local 384 President Harold Kriebel, (c) having and using improper influence with Harold Kriebel or other union officials in order to defeat plaintiff's grievance and by (d) otherwise conspiring with Harold Kriebel and other officials of defendant union in order to defeat plaintiff's grievance. The plaintiff also alleges the following against defendant-union: that union breached its statutory duty of fair representation under the provisions of LMRA by (a) knowingly and willingly failing to seek enforcement of the collective bargaining agreement at plaintiff's grievance hearings by failing to contend that the employment of non-union dock workers is in violation of the agreement; (b) subjecting itself to improper influences by defendant-employer which resulted in defendant-union's failure to fairly represent plaintiff at grievance hearings; and by (c) otherwise conspiring with defendant-employer to not pursue or not fairly represent plaintiff at his grievance hearings and/or not seek enforcement of the agreement.

It is well settled that "the timeliness of a Section 301 suit . . . is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *United Auto Workers v. Hoosier Cardinal Corporation,* 383 U.S. 696, 704–705, 86 S.Ct. 1107, 1112–1113, 16 L.Ed.2d 192 (1966); *Service Employees International Union Local No. 36, AFL–CIO v. Office Center Services, Inc.,* 670 F.2d 404, 409 (3d Cir. 1982). Courts within this circuit have consistently applied the three-month limitations period to suits seeking to vacate an arbitrator's award. *Cole v. United Steelworkers,* 441 F.Supp. 1346, 1351 (M.D.Pa.1977), aff'd mem., 588 F.2d 819 (3d Cir. 1978); *Siskey v. General Teamsters, Chauffeurs,* 419 F.Supp. 48, 50 (W.D.Pa.1976); *UMWA v. Jones & Laughlin Steel Corp.,* 378 F.Supp. 1206, 1211–12 (W.D.Pa.1974); *International Brotherhood v. Motor Freight Express,* 356 F.Supp. 724, 726 (W.D.Pa.1973).

In an action by an employee against his employer for breach of a collective bargaining agreement and against his union for breach of the duty of fair representation, in which the employee seeks to overturn a final and binding arbitration decision, the applicable statute of limitations is the state limitation for bringing of an action to vacate an arbitration award. *United Parcel Service, Inc. v. Mitchell,* 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732 (1981). In *Mitchell,* an employee was discharged for alleged dishonest acts. He requested his union to file a grievance against his employer contesting the discharge, and a hearing was held by a joint panel. The panel denied the grievance. Seventeen months later, employee filed suit in Federal District Court against the union and employer under 301(a) of the LMRA, alleging that the union had breached its duty of fair representation and that employer had discharged him to replace full-time employees with part-time employees. The Federal District Court granted summary judgment for defendants—employer and union—on the ground that the action was barred by New York's ninety-day statute of limitations for actions to vacate arbitration awards. Although the United States Court of Appeals for the Second Circuit reversed, the United States Supreme Court determined that the Federal

District Court had properly chosen the ninety-day period for the bringing of an action to vacate an arbitration award. The Supreme Court noted that employee's suit raised the same claim which was raised and decided before the Joint Panel—a violation of the collective bargaining agreement. Therefore, the state statute of limitations applicable to an action to vacate an arbitration award controlled.

In *Mitchell,* the Supreme Court cited the position taken by the Court of Appeals for the Third Circuit a few months earlier in *Liotta v. National Forge Company,* 629 F.2d 903 (3d Cir. 1980), *cert. denied,* 451 U.S. 970, 101 S.Ct. 2045, 68 L.Ed.2d 348 (1981), that the three-month statute of limitations contained in the Pennsylvania General Arbitration Act, Pa.Stat.Ann. Title 5, § 173 (Purdon 1963) (repealed 1980), governed the timeliness of an employee's § 301 claim against his employer for breach of a collective bargaining agreement and against his union for breach of the duty of fair representation. The court reached this conclusion by observing that "a fair reading of Liotta's complaint demonstrates that he seeks to vacate the arbitrator's decision." *Id.* at 905.

In the case *sub judice,* although plaintiff did not style his suit as one to vacate the award of the Joint Local Committee, a fair reading of the complaint demonstrates that he seeks exactly this. Paragraph 7 of his complaint raises the same claim as that heard by the Joint Local Committee, that defendant-employer was in breach of the agreement between it and defendant-union by employing non-union workers at its docks. Paragraph 12, regarding defendant-employer's unfair labor practices, alleges that the arbitration hearing itself was improper and unfair. Paragraph 13, regarding the union's breach of its statutory duty of fair representation, similarly alleges that the results were an unfair hearing and failure to enforce the agreement. Indeed, plaintiff seeks to litigate before the Federal District Court the same claim he presented for arbitration, that of a discharge in violation of the agreement. The thirty-day statute of limitations for an action to vacate an arbitration award applies and consequently bars this action brought after seventeen months.

This court's decision comports with the general federal policy favoring arbitration as a means of resolving labor disputes, *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 578, 80 S.Ct. 1347, 1350, 4 L.Ed.2d 1409 (1960), and with the federal labor policy that favors the application of shorter limitations period. In *International Union, UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 707, 86 S.Ct. 1107, 1114, 16 L.Ed.2d 192 (1966), the Supreme Court stated that "relatively rapid disposition of labor disputes is a goal of federal labor law."

Courts in other jurisdictions have consistently applied the statute of limitations pertaining to appeals from arbitration awards rather than the longer statute of limitations governing actions grounded on written contracts when such actions seek to vacate arbitration awards. E.g. *Barbarino v. Anchor Motor Freight, Inc.,* 421 F.Supp. 1003 (W.D.N.Y.1976); *DeLorto v. United Parcel Service, Inc.,* 401 F.Supp. 408 (D.Mass.1975); *Hill v. Aro Corp.,* 275 F.Supp. 482 (N.D.Ohio 1967).